### In re MOHAWK RUBBER COMPANY.

#### No. 06–98–00114–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 14, 1998.

Decided Oct. 6, 1998.

Rehearing Overruled Dec. 4, 1998.

---

**33.** *Thomas*, 917 S.W.2d at 434.

**34.** *Id.*

Joe Michael Russell, Smith, Ralston, Russell, Dallas, for IHS, Inc.

C. Victor Haley, Fairchild, Price, Thomas & Haley, Nacogdoches, for Standard Products Co.

Hubert A. Crouch, III, Crouch & Hallett, Dallas, for relator Mohawk Rubber Co.

John R. Robinson, Patterson Lamberty Stanford & Walls, Dallas, for Lord Corp.

Kurt D. Groten, Phillips & Akers, Houston, for Uniroyal Tire Co., Inc.

Nelson James Roach, Nix, Patterson & Roach, Daingerfield, for Real Parties in Interest James Edward Aaron, et al.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Mohawk Rubber Company has filed a petition for a writ of mandamus ordering the Honorable Jimmy White, Judge of the 76th Judicial District of Texas, to (1) properly consider and rule on its no-evidence motion for summary judgment, (2) rescind the court's order that abated discovery as to all plaintiffs not yet set for trial and abated the filing of no-evidence summary judgment motions as to each group of plaintiffs until that group is set for trial, and (3) rescind the court's scheduling order and enter a proper case management order.

This lawsuit was filed on June 24, 1988. There are 205 plaintiffs who allege generally that they suffered actual or potential injuries because of their exposure to rubber products manufactured by some defendants and to rubber fumes created by the use of machines built by other defendants. There are currently four defendants remaining after others have settled.

Mohawk filed its motion for summary judgment under TEX.R. CIV. P. 166a(i) based on its contention that there was no evidence that it had in any way caused injury to the plaintiffs. The motion, commonly known as a no-evidence summary judgment motion, alleged that adequate time for discovery had elapsed and that plaintiffs had no evidence of

causation.[1] The trial court signed an order overruling the motion for summary judgment, but Mohawk contends that the court did not properly interpret Rule 166a(i) and that, in reality, the court failed to rule on the merits of the summary judgment motion.

Mohawk also filed a motion asking the court to enter a *Lone Pine*-type case management order directing the plaintiffs to provide individualized information specifying their claimed injuries and to state in what manner Mohawk's activities caused such injuries. The court overruled the motion, and instead entered an order for generalized discovery that does not require the plaintiffs to provide proof of causation.

There are two separate and, in some respects, overlapping orders that are the subject of our review. We first address Mohawk's motion for summary judgment.

On June 5, 1998, the trial court issued an order denying Mohawk's motion for summary judgment. In the order the trial court acknowledged that there currently is no evidence that any defendant caused any injury to any plaintiff. The trial court further stated that there had not been adequate time for discovery and that plaintiffs had "provided adequate evidence to indicate that further discovery *may lead to* discovery of factual evidence needed to prove causation in these cases" (emphasis added).

The court also noted that it had, after the motion for summary judgment was filed, issued a case management scheduling order setting various deadlines and giving plaintiffs "a reasonable opportunity to complete discovery . . . ."[2]

> Furthermore, the Court is of the opinion that no evidence summary judgments in this case should be dealt with in the context of the scheduling order deadlines for plaintiffs whose cases are actually set for trial. For the sake of judicial efficiency, logistical feasibility and to avoid unnecessary and oppressive burdens on the parties or the Court, representative plaintiffs, rather than all of the plaintiffs should be selected for a scheduling order, discovery deadlines, trial dates and "no evidence" summary judgment motions. That is what this court has done through its January 2, 1998 Scheduling Order.

1. An identical case was filed involving a large number of other plaintiffs against the same defendants. It was removed to Federal District Court. Judge David Folsom entered a *Lone Pine* order directing the plaintiffs to provide medical evidence to support their claim that the defendants had caused them harm. *See Lore v. Lone Pine Corp.,* No. L–33606–85 (N.J.Super. Ct. Law Div.1986). Plaintiffs failed to do so, and less than eighteen months later, Judge Folsom dismissed the case pursuant to a no-evidence summary judgment motion.

2. In Paragraph 18, the court held as follows:

In the final paragraph of the order, the court expressly stated that the denial was without prejudice and went on to state that "Mohawk may reassert a *specific* no evidence motion for summary judgment relating to 'a single, fine point concerning one element of a cause of action' after discovery relating to the causation issues are (sic) completed."

Thus, the trial court denied the motion for summary judgment and ordered that the deadline on further discovery be directed to the sequential groups as they become ready for trial and that additional no-evidence summary judgment motions on each group could not be filed until that time. The court further concluded that causation was not an element of the causes of action, but rather that there are several separate components of causation, each of which is an "element" of plaintiffs' causes of action and which must be attacked by separate no-evidence summary judgment motions. The court thus ordered that the defendants not file any additional motions based on a failure to submit evidence of causation, but instead file any new motions for summary judgment based on a failure to provide proof of some subdivision of causation, such as duration of exposure.

■ Ordinarily, mandamus is not available to review an order denying a motion for summary judgment. Mohawk, however, asserts first that mandamus is appropriate here because the trial court did not actually rule on its motion for summary judgment. This is incorrect. Although the order signed contains a large amount of extraneous material, it also contains the necessary decretal language denying the motion.

Second, Mohawk argues that the trial court improperly analyzed and improperly applied the no-evidence summary judgment rule. Tex.R. Civ. P. 166a(i). We agree. We conclude that we cannot order the court to rescind its order overruling the summary judgment motion because, in the circumstances here, that order is not reviewable on mandamus. But for the guidance of the trial court in ruling on future motions for summary judgment (which under our ruling may now be filed at any time), we set out the proper application and interpretation of the no-evidence summary judgment rule in the context of this case.

■ The main basis that the trial court used to overrule Mohawk's motion for summary judgment was that the motion was too general because it only alleged there was no evidence of causation. The court concluded that causation in toxic tort cases is not a single element of the cause of action, but is a combination of several specific facts (plaintiffs suggested eight) that together make up causation, and that each of these factual components must be attacked in a specific summary judgment motion. This view misinterprets the element of causation as well as the requirements of the summary judgment rule.

■ In tort cases, the elements of the cause of action are (1) a duty to the plaintiff, (2) a breach of that duty, and (3) proximate cause of damages. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523 (Tex.1990); W. Page Keeton, *Causation,* 28 S. Tex. L.Rev. 231 (1986).

■ In product liability cases, causation is called producing cause. *Rourke v. Garza,* 530 S.W.2d 794 (Tex.1975). In both negligence and strict liability cases, proximate cause or producing cause is an essential element of recovery. *Greater Houston Transp. v. Phillips, supra; Technical Chemical Co. v. Jacobs,* 480 S.W.2d 602 (Tex.1972). Although causation is made up of several evidentiary components, causation itself is a single essential element of tort liability.

The plaintiffs here alleged repeatedly in their petition that their injuries were "proximately caused" by the products manufactured by the defendants. Mohawk had a right to move for summary judgment on the causation alleged by the plaintiffs, and it did so in its motion by alleging that the plaintiffs had no evidence of "causation."

■ We believe the plaintiffs and the learned trial court have also misinterpreted the intent of the no-evidence summary judgment rule and the comments that have been written and stated about it. The rule requires a motion to be specific in alleging a lack of evidence on an essential element of the plaintiffs' alleged cause of action, but it

does not require that the motion specifically attack the evidentiary components that may prove an element of the cause of action. The specificity requirement is designed to avoid conclusory no-evidence challenges to an opponent's cause of action. The rule requires a specific challenge to the evidentiary support for an element of a claim or defense. Causation is a specific element of tort liability.

The plaintiffs also argued, and the trial court found, that Mohawk's motion would require plaintiffs to "marshal all of their evidence" to resist it, a result that the official comment to Rule 166a(i) forbids. But this argument misunderstands the term "marshal the evidence." To marshal one's evidence is to arrange *all of the evidence* in the order that it will be presented at trial. *See Stern v. State ex rel. Ansel*, 869 S.W.2d 614 (Tex.App.—Houston [14th Dist.] 1994, writ denied); BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 353 (1987). A party is not required to present or arrange all of its evidence in response to a summary judgment motion. But Rule 166a(i) explicitly provides that, in response to a no-evidence summary judgment motion, the respondent must present *some summary judgment evidence* raising a genuine issue of material fact on the element attacked, or the motion must be granted.

The trial court also found that the motion for summary judgment should be overruled because adequate time for discovery had not been allowed and because further discovery might lead to additional discovery. The court also found that discovery had not been completed. The rule, however, does not require that discovery must have been completed. It provides that a no-evidence summary judgment may be granted "after adequate time for discovery."

This case has been pending for ten years. Extensive discovery has been conducted. Interrogatories have long since been served; nearly 200 plaintiffs' depositions have been taken; and personal and employment records of the plaintiffs have been obtained. Plaintiffs have had nearly a year since Mohawk's motion for summary judgment was filed to conduct additional discovery. There has been more than "adequate time for discovery."

Mohawk also asked the trial court to issue a scheduling order that, among other things, set a timetable for discovery of facts showing a causal relationship between the defendants' products and any harm to the plaintiffs. Mohawk asked the trial court for an order substantially identical to the order issued by Judge Folsom in the federal case. The trial court denied this motion. In its order of denial, the court characterized the motion as nothing more than a second, backdoor attempt at a no-evidence motion for summary judgment. The court then granted the plaintiffs' proposed scheduling order, which contains no requirement for discovery of such facts.

In the case of *In re Colonial Pipeline Co.*, 968 S.W.2d 938 (Tex.1998), the Supreme Court addressed a situation very similar to the situation here. In that case, three and a half years had passed without discovery adequate to show causation. The trial court then entered orders abating further discovery on causation for the remaining plaintiffs until after termination of trial involving the first group of ten plaintiffs.

The Supreme Court found the order improper and ordered the restrictive language removed. The court also voiced its displeasure with the order because of its interference with the use of the no-evidence summary judgment rule because, with discovery so restricted, a no-evidence motion could not be brought until shortly before trial, which could be years in coming. The court then reiterated its holding in *Able Supply Co. v. Moye*, 898 S.W.2d 766 (Tex.1995), that "[e]ach defendant is entitled to discover whether there has been a medical determination that an illness has been caused by that defendant's product."

In *Able Supply*, the court discussed the same kinds of problems as those presented in this case.[3] The court held that the denial of

3. The court recognized that only unresponsive answers were being filed to questions asking for information on causation.

discovery going to the heart of the plaintiffs' case can render appellate remedies inadequate, that mandamus is proper in such a case, and that defendants are entitled to timely discover whether there has been a medical determination that an illness has been caused by that defendant's product. *Able Supply Co. v. Moye*, 898 S.W.2d at 771.

The court stated:

The refusal [or inability] of the plaintiffs to provide a medical link between a particular plaintiff and a particular product at this point in time puts every defendant in the position of having to defend every case until all are tried, which constitutes a monumental waste of judicial resources. The burden imposed by requiring 294 defendants to continue to defend the claims of over 3,000 plaintiffs while awaiting a thirty-day window prior to trials that have yet to be scheduled before discovering which defendants are implicated is far out of proportion to any benefit to the plaintiffs in withholding this basic information.

*Able Supply Co. v. Moye*, 898 S.W.2d at 771–72.

Mohawk's motion asked the trial court to enter a scheduling order similar to the one in *Lone Pine*, and it provided a proposed order for the court to review. The court reviewed it, but denied the motion and, rather, issued a generic order for discovery as to Trial Group No. 1 and Trial Group No. 2. The order provides a sliding deadline for various types of discovery as to only those trial groups, but it also provides that all plaintiffs are to be submitted for deposition by March 31, 1998.

The scheduling order fails to require the production of causation information, except as might be obtained through designation of all fact and expert witnesses and summaries of their expected testimony and opinions. The testimony and opinions, however, are limited only to the trial groups. The order provides that the parties are to complete discovery as to Group No. 1 before December 1, 1998, and that all pending pleas, motions, and exceptions will be considered at the final pretrial hearing on January 4, 1999, with jury selection to begin on January 12, 1999.

The scheduling order is different from the one condemned in *Colonial Pipeline*. In that case, discovery on all but the first trial group of ten plaintiffs was wholly abated, while here the court did order completed depositions of the plaintiffs before a certain date. That distinction, however, does not address the concerns of the *Colonial Pipeline* opinion. The opinion in that case explicitly addressed the problem of a failure to provide any proof of causation at a relatively early stage in the proceeding. This case has already existed for years beyond the age of the case in *Colonial Pipeline*. In addition, the court in *Colonial Pipeline* also explicitly approved the concept that a plaintiff should not even file a suit until he has adequate reason to believe that he is injured and that the defendant caused the injury.

In *Colonial Pipeline*, the Supreme Court, in the interest of judicial economy, revised through mandamus the provisions in the scheduling order. The court held that arbitrarily lengthening the time for a group of plaintiffs to file a discovery response on the issue of causation, without a showing of good cause, was an abuse of discretion. The scheduling order here does not show good cause.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to issue a new case management order similar to the one issued by Judge Folsom in the federal case. Only if the court fails to do so will the writ issue.

## ON REHEARING

The plaintiffs and Mohawk have informed the Court that, by written Rule 11 agreements, they have settled all matters in dispute between them in the underlying case and in this original proceeding.

In view of the settlement of all matters in dispute, and without reference to the merits, our judgment of October 6, 1998, is hereby vacated, and this proceeding is dismissed. The opinion in this matter is not vacated or withdrawn.