TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00141-CV






City of Georgetown, Texas, Appellant



v.



Days Inn of Georgetown; and Ramabhai L. Patel and Shantaben R. Patel,


d/b/a/ Days Inn of Georgetown, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 98-444-C368, HONORABLE BURT CARNES, JUDGE PRESIDING







 The City of Georgetown ("City") appeals a no-evidence summary judgment granted
in favor of Days Inn of Georgetown, Ramabhai L. Patel and Shantaben R. Patel, d/b/a Days Inn
of Georgetown (collectively "Days Inn"). In a no-evidence summary judgment, the trial court
must grant the motion unless the non-movant produces summary judgment evidence raising a
genuine issue of material fact as to the elements specified in the motion. Tex. R. Civ. P. 166a(i). 
Because the City failed to produce summary judgment evidence in response to the motion, we
affirm the trial court judgment. 


Background


 Since 1978, Days Inn has maintained an off-premises advertising sign along IH-35
in a residential area in Georgetown, Texas. In 1993, the City enacted an ordinance regulating
signs and prohibiting off-premises signs in residential areas. Because Days Inn's sign was in place
before the enactment of the ordinance, it qualified as a "nonconforming sign." The ordinance also
specifically provides that a nonconforming sign may be continued subject to various limitations. 
For example, as relevant in this case, the "non-conforming signs may be maintained and repaired
with like materials and the sign message may be changed, provided that there is no extension,
enlargement, change in location, or structural modification to any non-conforming aspects of the
sign." Georgetown, Tex., Ordinance No. 93-5, IV(B)(2) (1993). In March 1998, a storm
damaged the supporting poles of Days Inn's sign. The storm damage severed two of its five
supporting poles, which caused the sign to lean. Days Inn repaired the sign by replacing all five
vertical poles with new poles. The new poles were placed twelve to eighteen inches from the
poles' original locations. After noticing the new poles, the City contended the sign lost its
nonconforming status under the ordinance and must conform to the "off-premises advertising sign"
ordinance.

 The City sued Days Inn seeking: (1) a temporary injunction requiring Days Inn to
remove the sign, (2) a permanent injunction requiring Days Inn to comply with the city ordinance
for off-premises advertising signs, and 3) civil penalties. The City alleged that "upon removal of
the sign, replacement of the supporting posts, and erection of the sign in a different location, the
sign lost its nonconforming sign status." The trial court denied the temporary injunction and this
Court affirmed the trial court. City of Georgetown v. Days Inn & Ramabhai L. Patel & Shantaben
R. Patel, No. 03-99-00010-CV (Tex. App.--Austin 1999, no pet. ) (not designated for
publication). After this Court affirmed the trial court's denial of injunctive relief, Days Inn filed
a no-evidence summary judgment contending that there was no evidence that it caused a change
in location of the sign. No evidence was submitted with the motion. The City filed a response
but no supporting evidence. The trial court granted the summary judgment in favor of Days Inn. 
The City raises seven issues on appeal.


Discussion


 A movant in a no-evidence summary judgment must prove that there is no evidence
of one or more essential elements of a claim or defense on which an adverse party would have the
burden of proof at trial. Tex. R. Civ. P. 166a(i). The non-movant is not required to marshal its
proof,(1) but it must point out evidence that raises a fact issue on the challenged evidence. Tex. R.
Civ. P. 166a cmt. The mere filing of a no-evidence motion shifts the burden to the non-movant
to come forward with enough evidence to take the case to a jury. Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.); see generally Hon. David Hittner & Lynne
Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998). The movant in a
no-evidence summary judgment does not bear the burden of establishing each element of its own
claim or defense. General Mills Restaurants, Inc. v. Texas Wings, Inc., 12 S.W.3d 827, 832
(Tex. App.--Dallas 2000, no pet.). The non-movant must bring forward sufficient evidence to
withstand a motion for directed verdict. Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 436
(Tex. App.--Houston [14th Dist.] 1999, no pet.). If the non-movant fails to present evidence
raising a genuine issue of material fact, the trial court must grant the motion. Tex. R. Civ. P.
166a(i).

 A no-evidence summary judgment is essentially a pretrial directed verdict and the
court of appeals applies the same legal sufficiency standard in reviewing a no-evidence summary
judgment as applied in reviewing a directed verdict. Jackson, 979 S.W.2d at 70 (citing Moore v.
K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied)). As with a
directed verdict, the appellate court must determine whether the plaintiff has produced any
evidence of probative force to raise fact issues on the material questions presented. Jackson, 979
S.W.2d at 70. In its review, the appellate court must consider all of the evidence in the light most
favorable to the party against whom the no-evidence summary judgment was rendered and every
reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Jackson, 979 S.W.2d at 70.

 The trial court properly grants a no-evidence summary judgment if the non-movant
fails to bring forth more than a scintilla(2) of probative evidence to raise a genuine issue of material
fact as to an essential element of the non-movant's claim on which the non-movant would have the
burden of proof at trial. Jackson, 979 S.W.2d at 70-71 (citing Merrell Dow Pharmaceuticals, Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). Because the City failed to produce any evidence
with its response, the trial court properly granted the no-evidence summary judgment. We
overrule the City's issues three, four, five, six and seven. 

 The City also challenges the trial court's findings of fact entered after the temporary
injunction hearing. Findings of fact have no place in a summary judgment proceeding. Linwood
v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994). Accordingly, we overrule issues one and two. 


Conclusion


 Because the City failed to produce evidence in response to a no-evidence summary
judgment, we affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: November 30, 2000

Do Not Publish


1. "Marshal one's evidence" means to arrange all of the evidence in the order that it will be
presented at trial. In re Mohawk Rubber Co., 982 S.W.2d 494, 498 (Tex. App.--Texarkana 1998,
orig. proceeding). A party is not required to present or arrange all of its evidence in response to
a summary judgment motion. Id. 
2. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded
people to differ in their conclusions, then more than a scintilla of evidence exists. Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.) (citing Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).


ed a change
in location of the sign. No evidence was submitted with the motion. The City filed a response
but no supporting evidence. The trial court granted the summary judgment in favor of Days Inn. 
The City raises seven issues on appeal.


Discussion


 A movant in a no-evidence summary judgment must prove that there is no evidence
of one or more essential elements of a claim or defense on which an adverse party would have the
burden of proof at trial. Tex. R. Civ. P. 166a(i). The non-movant is not required to marshal its
proof,(1) but it must point out evidence that raises a fact issue on the challenged evidence. Tex. R.
Civ. P. 166a cmt. The mere filing of a no-evidence motion shifts the b