# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00141-CV

**City of Georgetown, Texas, Appellant**

**v.**

**Days Inn of Georgetown; and Ramabhai L. Patel and Shantaben R. Patel,**
**d/b/a/ Days Inn of Georgetown, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT**
**NO. 98-444-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

The City of Georgetown ("City") appeals a no-evidence summary judgment granted in favor of Days Inn of Georgetown, Ramabhai L. Patel and Shantaben R. Patel, d/b/a Days Inn of Georgetown (collectively "Days Inn"). In a no-evidence summary judgment, the trial court must grant the motion unless the non-movant produces summary judgment evidence raising a genuine issue of material fact as to the elements specified in the motion. Tex. R. Civ. P. 166a(i). Because the City failed to produce summary judgment evidence in response to the motion, we affirm the trial court judgment.

## Background

Since 1978, Days Inn has maintained an off-premises advertising sign along IH-35 in a residential area in Georgetown, Texas. In 1993, the City enacted an ordinance regulating signs and prohibiting off-premises signs in residential areas. Because Days Inn's sign was in place before the

enactment of the ordinance, it qualified as a "nonconforming sign." The ordinance also specifically provides that a nonconforming sign may be continued subject to various limitations. For example, as relevant in this case, the "non-conforming signs may be maintained and repaired with like materials and the sign message may be changed, provided that there is no extension, enlargement, change in location, or structural modification to any non-conforming aspects of the sign." Georgetown, Tex., Ordinance No. 93-5, IV(B)(2) (1993). In March 1998, a storm damaged the supporting poles of Days Inn's sign. The storm damage severed two of its five supporting poles, which caused the sign to lean. Days Inn repaired the sign by replacing all five vertical poles with new poles. The new poles were placed twelve to eighteen inches from the poles' original locations. After noticing the new poles, the City contended the sign lost its nonconforming status under the ordinance and must conform to the "off-premises advertising sign" ordinance.

The City sued Days Inn seeking: (1) a temporary injunction requiring Days Inn to remove the sign, (2) a permanent injunction requiring Days Inn to comply with the city ordinance for off-premises advertising signs, and 3) civil penalties. The City alleged that "upon removal of the sign, replacement of the supporting posts, and erection of the sign in a different location, the sign lost its nonconforming sign status." The trial court denied the temporary injunction and this Court affirmed the trial court. *City of Georgetown v. Days Inn & Ramabhai L. Patel & Shantaben R. Patel*, No. 03-99-00010-CV (Tex. App.—Austin 1999, no pet. ) (not designated for publication). After this Court affirmed the trial court's denial of injunctive relief, Days Inn filed a no-evidence summary judgment contending that there was no evidence that it caused a change in location of the sign. No evidence

2

was submitted with the motion. The City filed a response but no supporting evidence. The trial court granted the summary judgment in favor of Days Inn. The City raises seven issues on appeal.

**Discussion**

A movant in a no-evidence summary judgment must prove that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The non-movant is not required to marshal its proof,[1] but it must point out evidence that raises a fact issue on the challenged evidence. Tex. R. Civ. P. 166a cmt. The mere filing of a no-evidence motion shifts the burden to the non-movant to come forward with enough evidence to take the case to a jury. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.); *see generally* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 Hous. L. Rev. 1303, 1356 (1998). The movant in a no-evidence summary judgment does not bear the burden of establishing each element of its own claim or defense. *General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.—Dallas 2000, no pet.). The non-movant must bring forward sufficient evidence to withstand a motion for directed verdict. *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 436 (Tex. App.—Houston [14th Dist.] 1999, no pet.). If the non-movant fails to present evidence raising a genuine issue of material fact, the trial court must grant the motion. Tex. R. Civ. P. 166a(i).

---

[1] "Marshal one's evidence" means to arrange all of the evidence in the order that it will be presented at trial. *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding). A party is not required to present or arrange all of its evidence in response to a summary judgment motion. *Id.*

A no-evidence summary judgment is essentially a pretrial directed verdict and the court of appeals applies the same legal sufficiency standard in reviewing a no-evidence summary judgment as applied in reviewing a directed verdict. *Jackson*, 979 S.W.2d at 70 (citing *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). As with a directed verdict, the appellate court must determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented. *Jackson*, 979 S.W.2d at 70. In its review, the appellate court must consider all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Jackson*, 979 S.W.2d at 70.

The trial court properly grants a no-evidence summary judgment if the non-movant fails to bring forth more than a scintilla[2] of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *Jackson*, 979 S.W.2d at 70-71 (citing *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Because the City failed to produce any evidence with its response, the trial court properly granted the no-evidence summary judgment. We overrule the City's issues three, four, five, six and seven.

---

[2] If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded people to differ in their conclusions, then more than a scintilla of evidence exists. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.) (citing *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

The City also challenges the trial court's findings of fact entered after the temporary injunction hearing. Findings of fact have no place in a summary judgment proceeding. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). Accordingly, we overrule issues one and two.

**Conclusion**

Because the City failed to produce evidence in response to a no-evidence summary judgment, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed:   November 30, 2000

Do Not Publish

5