COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-126-CV
 
M. KATHLYN HYERSTAY                                                      
   APPELLANT
V.
PACE'S POINT APARTMENTS                                                    
APPELLEE
------------
FROM THE 158
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, M. Kathlyn Hyerstay, appeals the award of a summary judgment
in her slip-and-fall case. She raises three points claiming: 1) that this court
should reverse the summary judgment in favor of Appellee, Pace's Point
Apartments, because a dangerous condition existed; 2) that the dangerous
condition remained on the ground for a sufficient length of time to charge
Appellee with constructive knowledge thereof; and 3) that the evidence raises a
fact issue as to whether Appellee exercised reasonable care to reduce or
eliminate the risk.
FACTS
On January 4, 2000 Appellant fell as she walked her dog in her
apartment complex. Appellant claimed that seed clusters from a sugar gum tree
growing by her apartment fell on the sidewalk. Appellant allegedly stepped on
one of the sugar gum tree seed clusters and broke her arm. She sued her
apartment complex claiming that it breached a duty owed to her as a business
invitee. Appellant claimed that Appellee violated the duty it owed her to
maintain the property. Appellee filed a no-evidence summary judgment, which the
trial court granted.
STANDARD OF REVIEW
After an adequate time for discovery, the party without the burden of
proof may, without presenting evidence, move for summary judgment on the ground
that there is no evidence to support an essential element of the nonmovant's
claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state
the elements for which there is no evidence. Id.; In re Mohawk
Rubber Co., 982 S.W.2d 494, 497-98 (Tex. App.--Texarkana 1998, orig.
proceeding). The trial court must grant the motion unless the nonmovant produces
summary judgment evidence that raises a genuine issue of material fact. See
Tex. R. Civ. P. 166a(i) cmt.; Moore v. K Mart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied); Jackson
v. Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.).
A no-evidence summary judgment is essentially a pretrial directed
verdict, and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict. Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied);
Moore, 981 S.W.2d at 269. We review the evidence in the light most
favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Szczepanik
v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). If the nonmovant
brings forward more than a scintilla of probative evidence that raises a genuine
issue of material fact, then a no-evidence summary judgment is not proper. Moore,
981 S.W.2d at 269.
SUMMARY JUDGMENT
We will address Appellant's second point on appeal first because it
could prove decisive. See TEX.
R. APP. P. 47.1. In Appellant's second point, she
claims that the sugar gum tree seed clusters remained on the ground for a
sufficient length of time to charge Appellee with constructive knowledge
thereof. In the trial court, Appellee claimed that Appellant had no evidence of
Appellee's actual or constructive knowledge of the alleged dangerous condition.
A defendant is entitled to summary judgment if the summary judgment
evidence establishes, as a matter of law, that at least one element of a
plaintiff's cause of action cannot be established. Elliott-Williams
Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999); Jackson v.
Creditwatch, Inc., 84 S.W.3d 397, 401 (Tex. App.--Fort Worth 2002, pet.
filed). In a slip-and-fall case, an invitee must establish four essential
elements: 1) the owner had actual or constructive knowledge of the condition of
the premises; 2) the condition of the premises posed an unreasonable risk to the
invitee; 3) the owner failed to exercise reasonable care to reduce or remove the
risk of the condition present; and 4) the failure to exercise such reasonable
care is the proximate cause of the injuries suffered by the injured party. Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).
A plaintiff must show actual or constructive knowledge of the premises
defect as a threshold requirement for slip-and-fall claims. Motel
6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). The invitee must
establish actual or constructive knowledge by proving one of the following: 1)
that the owner/operator put the foreign substance on the floor; 2) that the
owner/operator knew of the foreign substance on the floor and negligently failed
to remove it; or 3) that the substance remained on the floor so long that the
owner/operator should have discovered and removed it in the exercise of ordinary
care. Keetch v. Kroger Co., 845 S.W.2d 262, 265 (Tex.
1992). In this case, Appellant attempted to show evidence of the third method.
Texas case law requires that in order to prove constructive knowledge,
Appellant must have evidence that the dangerous condition existed for some
length of time. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d
812, 815 (Tex. 2002). "The so-called 'time-notice rule' is based on the
premise that temporal evidence best indicates whether the owner had a reasonable
opportunity to discover and remedy a dangerous condition." Id.
at 816. Texas law requires some proof of how long the hazard existed before
liability can be imposed on the premises owner for failing to discover and
rectify, or warn of, the dangerous condition. Id.
In the present case, Appellant points to summary judgment evidence she
submitted in this case. She claims that it provides more than a mere scintilla
of evidence showing that Appellee allowed the seed clusters to stay on the
ground for at least one day before the accident. In Appellant's deposition she
claims that she had seen seed clusters on the ground outside her apartment on
the night before her fall. Appellant claims that this evidence shows that the
seed clusters remained on the ground for at least one day before the accident
and that Appellee should have discovered and rectified the condition in that
time. We disagree.
Appellant's evidence allows for more than one plausible theory of how
long the seed clusters remained on the ground. The evidence fails to show how
long the seed cluster which Appellant slipped on remained on the ground. The
evidence only allows for a suspicion that the seed cluster remained on the
ground for over a day. See Browning-Ferris, Inc. v. Reyna,
865 S.W.2d 925, 927 & n. 3 (Tex. 1993) (citing Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983) ("When the evidence
offered to prove a vital fact is so weak as to do no more than create a mere
surmise or suspicion of its existence, the evidence is no more than a scintilla
and, in legal effect, is no evidence.")).
We note that the evidence at summary judgment shows that the seed
clusters continuously fell from the tree and that the weather had been windy.
Therefore, an equally plausible theory would be that the seed clusters seen the
night before had been picked up or blown away and new seed clusters had fallen
in the interim. See Gonzalez, 968 S.W.2d at 936 (holding
that meager circumstantial evidence from which equally plausible but opposite
inferences may be drawn is speculative and thus legally insufficient).
The evidence that Appellant provided failed to show how long the seed
cluster had remained on the ground before she stepped on it. Thus, she failed to
provide temporal evidence which would impute knowledge of the dangerous
condition to Appellee. By failing to present evidence showing that Appellee
either knew or should have known of the dangerous condition, Appellant could not
overcome the no-evidence challenge. We overrule Appellant's second point on
appeal.
CONCLUSION
We hold that Appellant provided no more than a mere scintilla of
evidence to show that Appellee either knew or should have known of the dangerous
condition. The trial court, therefore, did not err in granting the summary
judgment. We affirm the trial court's judgment.
 
                                                     
   SAM J. DAY
                                                     
   JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
DELIVERED: April 3, 2003

1. See TEX.
R. APP. P. 47.4.