hyerstay v. pace's point apts

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-126-CV

M. KATHLYN HYERSTAY APPELLANT

V.

PACE’S POINT APARTMENTS APPELLEE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, M. Kathlyn Hyerstay, appeals the award of a summary judgment in her slip-and-fall case.  She raises three points claiming: 1) that this court should reverse the summary judgment in favor of Appellee, Pace’s Point Apartments, because a dangerous condition existed; 2) that the dangerous condition remained on the ground for a sufficient length of time to charge Appellee with constructive knowledge thereof; and 3) that the evidence raises a fact issue as to whether Appellee exercised reasonable care to reduce or eliminate the risk.

FACTS

On January 4, 2000 Appellant fell as she walked her dog in her apartment complex.  Appellant claimed that seed clusters from a sugar gum tree growing by her apartment fell on the sidewalk.  Appellant allegedly stepped on one of the sugar gum tree seed clusters and broke her arm.  She sued her apartment complex claiming that it breached a duty owed to her as a business invitee.  Appellant claimed that Appellee violated the duty it owed her to maintain the property.  Appellee filed a no-evidence summary judgment, which the trial court granted. 

STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; In re Mohawk Rubber Co.,
 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
Moore v. K Mart Corp.,
 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.,
 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
; Moore,
 981 S.W.2d at 269.
  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust Co.,
 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269. 

SUMMARY JUDGMENT

We will address Appellant’s second point on appeal first because it could prove decisive.  
See
 T
EX
. R. A
PP
. P. 47.1.  In Appellant’s second point, she claims that the sugar gum tree seed clusters remained on the ground for a sufficient length of time to charge Appellee with constructive knowledge thereof.  In the trial court, Appellee claimed that Appellant had no evidence of Appellee’s actual or constructive knowledge of the alleged dangerous condition.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999); 
Jackson v. Creditwatch, Inc.
, 84 S.W.3d 397, 401 (Tex. App.—Fort Worth 2002, pet. filed).  In a slip-and-fall case, an invitee must establish four essential elements: 1) the owner had actual or constructive knowledge of the condition of the premises; 2) the condition of the premises posed an unreasonable risk to the invitee; 3) the owner failed to exercise reasonable care to reduce or remove the risk of the condition present; and 4) the failure to exercise such reasonable care is the proximate cause of the injuries suffered by the injured party.  
Wal-Mart Stores, Inc. v. Gonzalez
, 968 S.W.2d 934, 936 (Tex. 1998).

A plaintiff must show actual or constructive knowledge of the premises defect as a threshold requirement for slip-and-fall claims.  
Motel 6 G.P., Inc. v. Lopez
, 929 S.W.2d 1, 3 (Tex. 1996).  The invitee must establish actual or constructive knowledge by proving one of the following:  1) that the owner/operator put the foreign substance on the floor; 2) that the owner/operator knew of the foreign substance on the floor and negligently failed to remove it; or 3) that the substance remained on the floor so long that the owner/operator should have discovered and removed it in the exercise of ordinary care.  
Keetch v. Kroger Co.
, 845 S.W.2d 262, 265 (Tex. 1992).  In this case, Appellant attempted to show evidence of the third method.

Texas case law requires that in order to prove constructive knowledge, Appellant must have evidence that the dangerous condition existed for some length of time.  
Wal-Mart Stores, Inc. v. Reece
, 81 S.W.3d 812, 815 (Tex. 2002).  “The so-called ‘time-notice rule’ is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.”  
Id.
 at 816.  Texas law requires some proof of how long the hazard existed before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.  
Id.
 

In the present case, Appellant points to summary judgment evidence she submitted in this case.  She claims that it provides more than a mere scintilla of evidence showing that Appellee allowed the seed clusters to stay on the ground for at least one day before the accident.  In Appellant’s deposition she claims that she had seen seed clusters on the ground outside her apartment on the night before her fall.  Appellant claims that this evidence shows that the seed clusters remained on the ground for at least one day before the accident and that Appellee should have discovered and rectified the condition in that time.  We disagree.

Appellant’s evidence allows for more than one plausible theory of how long the seed clusters remained on the ground.  The evidence fails to show how long the seed cluster which Appellant slipped on remained on the ground.  The evidence only allows for a suspicion that the seed cluster remained on the ground for over a day.  
See Browning-Ferris, Inc. v. Reyna
, 865 S.W.2d 925, 927 & n. 3 (Tex. 1993) (citing 
Kindred v. Con/Chem, Inc.
, 650 S.W.2d 61, 63 (Tex. 1983) ("When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.")).  

We note that the evidence at summary judgment shows that the seed clusters continuously fell from the tree and that the weather had been windy.  Therefore, an equally plausible theory would be that the seed clusters seen the night before had been picked up or blown away and new seed clusters had fallen in the interim.  
See Gonzalez
, 968 S.W.2d at 936 (holding that meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient).

The evidence that Appellant provided failed to show how long the seed cluster had remained on the ground before she stepped on it.  Thus, she failed to provide temporal evidence which would impute knowledge of the dangerous condition to Appellee.  By failing to present evidence showing that Appellee either knew or should have known of the dangerous condition, Appellant could not overcome the no-evidence challenge.  We overrule Appellant’s second point on appeal.

CONCLUSION

We hold that Appellant
 provided no more than a mere scintilla of evidence to show that Appellee either knew or should have known of the dangerous condition.  The trial court, therefore, did not err in granting the summary judgment.  We affirm the trial court’s judgment. 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DELIVERED: April 3, 2003

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4.