COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-291-CV
  
  
AMIR 
ALWANI                                                                      APPELLANT
  
V.
  
BWKR, 
L.L.C.                                                                           APPELLEE
 
  
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        In 
a single issue, Appellant Amir Alwani argues that the trial court erred when it 
granted a no-evidence summary judgment on his counterclaim for “detrimental 
reliance.” We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
        Appellee 
BWKR L.L.C. entered into a contract to sell the convenience store located at 
3120 Northwest Freeway in Wichita Falls, Texas to Alwani. Alwani assigned his 
rights under the contract to Himalayan Enterprises, to whom BWKR eventually sold 
the property. The sale was financed by a $250,000 loan by BWKR to Himalayan, 
which Alwani personally guaranteed, and a promissory note for $1,400,000 payable 
to Associates Commercial Corp. of Delaware (Associates). Eight months later, 
Himalayan defaulted on the Associates note, which resulted in default on the 
$250,000 obligation to BWKR. In response, BWKR sued Alwani and Himalayan for the 
amount due on its note.
        In 
his original answer, Alwani asserted a counterclaim against BWKR for 
“detrimental reliance.” BWKR specially excepted, arguing that Alwani’s 
counterclaim failed to state a cause of action. In response, Alwani recast his 
counterclaim as a breach of contract action. Alwani alleged that BWKR gave him a 
“Starfires” traffic pattern report and told him that he could rely on the 
report to predict the success of the store. Alwani claims that he later 
discovered that the report was actually for another property located at 3201 
Northwest Freeway, which he alleges has a traffic pattern different from the 
store at 3120 Northwest Freeway. Alwani claimed that he relied on the 
report when he entered into the agreement and suffered damages as a result.
        BWKR 
moved for summary judgment against Alwani on the note. BWKR later filed a 
supplemental motion for summary judgment against Alwani’s counterclaim 
asserting that there was no evidence of any breach of the contract, no evidence 
of damages, and no evidence that Alwani had standing to sue. Alwani filed a 
response to the original motion for summary judgment but failed to respond to 
the supplemental motion. The trial court entered a general order granting both 
BWKR’s original and supplemental motions for summary judgment. Alwani 
appealed. We note that Alwani contests only the trial court’s grant of 
BWKR’s supplemental motion for summary judgment on Alwani’s counterclaim, 
not the summary judgment on the note.
DISCUSSION
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Southwestern Elec. Power Co. v. Grant, 45 Tex. Sup. Ct. J. 502, 504 (Mar. 
28, 2002); In re Mohawk Rubber Co., 982 S.W.2d 494, 497-98 (Tex. 
App.—Texarkana 1998, orig. proceeding). The trial court must grant the motion 
unless the nonmovant produces summary judgment evidence that raises a genuine 
issue of material fact. See Tex. 
R. Civ. P. 166a(i) cmt.; Moore v. K Mart Corp., 981 S.W.2d 266, 
269 (Tex. App.—San Antonio 1998, pet. denied); Jackson v. Fiesta Mart, 
Inc., 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.). When the trial 
court's order granting summary judgment does not specify the ground or grounds 
relied on for its ruling, summary judgment will be affirmed on appeal if any of 
the theories advanced are meritorious. See Star-Telegram, Inc. v. Doe, 
915 S.W.2d 471, 473 (Tex. 1995).
        Alwani’s 
brief identifies his counterclaim as one for “detrimental reliance,” but his 
live pleadings in the trial court pleaded an action for breach of contract. 
Additionally, detrimental reliance is not a cause of action. See Univ. of 
Tex. Syst. v. Courtney, 946 S.W.2d 464, 468 (Tex. App.—Fort Worth 1997, 
writ denied). Alwani also argues that he has a cause of action for promissory 
estoppel. Detrimental reliance is an element of promissory estoppel, but Alwani 
did not plead promissory estoppel in the trial court. See MCN Energy 
Enter., Inc. v. Omagro de Colombia, L.D.C., 98 S.W.3d 766, 774 (Tex. 
App.—Fort Worth 2003, pet. denied). But regardless of whether Alwani pleaded 
breach of contract or promissory estoppel, the trial court properly granted 
summary judgment on his claim because Alwani presented no evidence of damages.
        Damages 
are an essential element of both breach of contract and promissory estoppel. See 
Harris v. Am. Prot. Ins. Co., 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 
2005, no pet.) (listing the elements of breach of contract); MCN, 98 
S.W.3d at 774 (listing the elements of promissory estoppel). One of the grounds 
in BWKR’s supplemental motion for summary judgment was that Alwani had 
presented no evidence that he sustained any damage because of the alleged breach 
of contract.
        We 
have reviewed the entire summary judgment record. Alwani points us to no 
competent evidence of damages, and we find none ourselves. Because Alwani failed 
to adduce any evidence of damages in response to BWKR’s no-evidence motion, 
the trial court properly granted summary judgment on Alwani’s counterclaim. See 
Harris, 158 S.W.3d at 622-23; MCN, 98 S.W.3d at 774.
        We 
affirm the trial court’s judgment. See Tex. R. App. P. 43.2(a).
    
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
  
  
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.