ALWANI V. BWKR, LLC

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-291-CV

AMIR ALWANI APPELLANT

V.

BWKR, L.L.C. APPELLEE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

In a single issue, Appellant Amir Alwani argues that the trial court erred when it granted a no-evidence summary judgment on his counterclaim for “detrimental reliance.”  We affirm.

PROCEDURAL AND FACTUAL BACKGROUND

Appellee BWKR L.L.C. entered into a contract to sell the convenience store located at 3120 Northwest Freeway in Wichita Falls, Texas to Alwani.  Alwani assigned his rights under the contract to Himalayan Enterprises, to whom BWKR eventually sold the property.  The sale was financed by a $250,000 loan by BWKR to Himalayan, which Alwani personally guaranteed, and a promissory note for $1,400,000 payable to Associates Commercial Corp. of Delaware (Associates).  Eight months later, Himalayan defaulted on the Associates note, which resulted in default on the $250,000 obligation to BWKR.  In response, BWKR sued Alwani and Himalayan for the amount due on its note.  

In his original answer, Alwani asserted a counterclaim against BWKR for “detrimental reliance.”  BWKR specially excepted, arguing that Alwani’s counterclaim failed to state a cause of action.  In response, Alwani recast his counterclaim as a breach of contract action.  Alwani alleged that BWKR gave him a “Starfires” traffic pattern report and told him that he could rely on the report to predict the success of the store.  Alwani claims that he later discovered that the report was actually for another property located at 
3201 
Northwest Freeway, which he alleges has a traffic pattern different from the store at
 3120 
Northwest Freeway.  Alwani claimed that he relied on the report when he entered into the agreement and suffered damages as a result.

BWKR moved for summary judgment against Alwani on the note.  BWKR later filed a supplemental motion for summary judgment against Alwani’s counterclaim asserting that there was no evidence of any breach of the contract, no evidence of damages, and no evidence that Alwani had standing to sue.  Alwani filed a response to the original motion for summary judgment but failed to respond to the supplemental motion.  The trial court entered a general order granting both BWKR’s original and supplemental motions for summary judgment.  Alwani appealed.  We note that Alwani contests only the trial court’s grant of BWKR’s supplemental motion for summary judgment on Alwani’s counterclaim, not the summary judgment on the note.  

DISCUSSION

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Southwestern Elec. Power Co. v. Grant, 
45 Tex. Sup. Ct. J. 502, 504 (Mar. 28, 2002)
; In re Mohawk Rubber Co.,
 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
Moore v. K Mart Corp.,
 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.,
 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).  
When the trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.  
See
 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995).

Alwani’s brief identifies his counterclaim as one for “detrimental reliance,” but his live pleadings in the trial court pleaded an action for breach of contract.  
Additionally, detrimental reliance is not a cause of action.  
See Univ. of Tex. Syst. v. Courtney
, 946 S.W.2d 464, 468 (Tex. App.—Fort Worth 1997, writ denied).  Alwani also argues that he has a cause of action for promissory estoppel.  Detrimental reliance is an element of promissory estoppel, but Alwani did not plead promissory estoppel in the trial court.  
See
 
MCN Energy Enter., Inc. v. Omagro de Colombia, L.D.C.
, 98 S.W.3d 766, 774 (Tex. App.—Fort Worth 2003, pet. denied).  But regardless of whether Alwani pleaded breach of contract or promissory estoppel, the trial court properly granted summary judgment on his claim because Alwani presented no evidence of damages.

Damages are an essential element of both breach of contract and promissory estoppel.  
See Harris v. Am. Prot. Ins. Co.
, 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 2005, no pet.) (listing the elements of breach of contract); 
MCN
, 98 S.W.3d at 774 (listing the elements of promissory estoppel).  One of the grounds in BWKR’s supplemental motion for summary judgment was that Alwani had presented no evidence that he sustained any damage because of the alleged breach of contract.  

We have reviewed the entire summary judgment record.  Alwani points us to no competent evidence of damages, and we find none ourselves. 
 Because Alwani failed to adduce any evidence of damages in response to BWKR’s no-evidence motion, the trial court properly granted summary judgment on Alwani’s counterclaim.  
See Harris,
 158 S.W.3d at 622-23; 
MCN
, 98 S.W.3d at 774.  

We affirm the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  July 28, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.