In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-513 CV


 ______________________


 

MICHAEL WAYNE OSBORNE, Appellant



V.



MARSHA A. NORMAND, Appellee






On Appeal from the 136th District Court 


Jefferson County, Texas


Trial Cause No. D-175,356






MEMORANDUM OPINION


 Michael Wayne Osborne appeals from the trial court's granting of a no-evidence
motion for summary judgment. Osborne sued attorney Marsha Normand for alleged legal
malpractice regarding her representation of him in a criminal case. His suit and appeal are
pro se. 

 Osborne asserts Normand breached her duty to exercise reasonable care owed by
counsel to a client, proximately caused him harm and damages, and violated his
constitutional rights. He also alleges he paid Normand $3,500 to represent him; she failed
to put the trial court in his criminal case on notice of the representation; and the record in the
criminal proceeding does not reflect her withdrawal from the case. He attributes a heart
attack -- allegedly occurring during a period he was preparing documents -- to Normand's
negligence in handling his criminal case.

 In a legal malpractice suit, a plaintiff must show that (a) the attorney owed a duty to
the plaintiff, (b) the attorney breached the duty, (c) the breach proximately caused the
plaintiff's injuries, and (d) damages occurred. Alexander v. Turtur & Assocs., Inc., 146
S.W.3d 113, 117 (Tex. 2004). Unless the causal connection is either obvious or a matter
within the common understanding of lay persons, the plaintiff must present expert testimony
regarding causation. See id. at 115, 119-20. In this case, the alleged malpractice relates to
a prior criminal prosecution; the plaintiff in these circumstances must prove that, but for the
attorney's breach of her duty, the plaintiff would have prevailed in the prior proceeding. 
Hoover v. Larkin, 196 S.W.3d 227, 231 (Tex. App.--Houston [1st Dist.] 2006, pet. denied)
(citing Greathouse v. McConnell, 982 S.W.2d 165, 172 (Tex. App.--Houston [1st Dist.]
1998, pet. denied)). 

 In her no-evidence summary judgment motion, Normand challenged each element of
Osborne's legal-malpractice cause of action. Rule 166a(i), the no-evidence summary
judgment rule, provides as follows:

 After adequate time for discovery, a party without presenting summary
judgment evidence may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. The motion
must state the elements as to which there is no evidence. The court must grant
the motion unless the respondent produces summary judgment evidence raising
a genuine issue of material fact.


Tex. R. Civ. P. 166a(i). Osborne argues there had not been adequate time for discovery. 

 A court may not grant a no-evidence motion for summary judgment prior to the
passage of an "adequate time for discovery." See Tex. R. Civ. P. 166a(i); Specialty Retailers,
Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.--Houston [14th Dist.] 2000, pet. denied). 
There is no requirement that discovery must be actually completed, however; the requirement
is "adequate time." Specialty Retailers, 29 S.W3d at 145 (citing In re Mohawk Rubber Co.,
982 S.W.2d 494, 498 (Tex. App.-- Texarkana 1998, orig. proceeding)). The appellate court
reviews the issue of "adequate time for discovery" under an abuse of discretion standard. Id. 
Factors employed in determining whether there has been adequate discovery time include the
nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case has been active in the trial court. Id. Other
factors "include the amount of time the no-evidence motion has been on file, whether the
movant has requested stricter time deadlines for discovery, the amount of discovery that has
already taken place, and whether the discovery deadlines that are in place are specific or
vague." Id. 

 Osborne filed suit on June 14, 2005. Norman filed her no-evidence motion some
fourteen months later on August 30, 2006. During that time, Osborne filed, among other
pleadings, "Motions for Interrogatory" and a "Motion for Subpoena of Medical Records." 
The trial court denied the motion for interrogatory (1) and granted the request for production
of medical records from non-parties. Osborne also filed a motion requesting that the trial
court in the malpractice lawsuit issue a subpoena to obtain the reporter's record of the
"transcripts of a hearing" in the criminal case. The trial court denied the motion. Osborne
explained he attempted to obtain the "transcripts" of the hearing directly from the criminal-case trial court, but to no avail. (2) Osborne asserts this reporter's record would have
established the causal link between the alleged legal malpractice and his injuries.

 Osborne does not state the outcome of the criminal case. See generally Peeler v.
Hughes & Luce, 909 S.W.2d 494, 497-98 (Tex. 1995). He provided no affidavit to the trial
court describing the events at the hearing in the criminal case or any suggestion as to what
"expert affidavit information" would have come out of any reporter's record from the
hearing. The trial court's denial of Osborne's request for a subpoena for a transcript of a
hearing in a criminal case does not establish, without more, that the time for discovery was
inadequate.

 If a party asserts he has not had adequate time for discovery, he should file in the trial
court either an affidavit explaining the need for further discovery or a verified motion for
continuance. See Willms v. Americas Tire Co., 190 S.W.3d 796, 807 (Tex. App.--Dallas
2006, pet. denied). Osborne presented neither to the trial court. Osborne has not shown the
trial court abused its discretion in concluding there had been adequate time for discovery. 

 Osborne also argues Rules 93, 166a(i), and 185 of the Texas Rules of Civil Procedure

require Normand's verification by affidavit based on personal knowledge that the discovery
process was complete. Rule 166a(i) does not require that a no-evidence motion be supported
by an affidavit or verification. See Tex. R. Civ. P. 166a(i). Osborne argues that Rule 93
(certain pleas to be verified) and Rule 185 (sworn account) require verification of the motion,
but those rules do not apply to the motion in this cause. See Tex. R. Civ. P. 93, 185. 

 We overrule Osborne's issues. The judgment of the trial court is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 20, 2007

Opinion Delivered March 13, 2008


Before Gaultney, Kreger and Horton, JJ.

1. Osborne was not required to file a request for interrogatories with the trial court. See
Tex. R. Civ. P. 197.1, 197.2. If Osborne's "Motion for Interrogatory" was intended as a
motion to compel discovery, Norman was entitled to an opportunity to answer or object to
interrogatories before Osborne filed a motion to compel. See generally Tex. R. Civ. P.
215.1(b)(3)(B).
2. The request allegedly filed in the criminal case is not in the record before us.