Jane SPRINGER, Appellant,

v.

AMERICAN ZURICH INSURANCE COMPANY, Appellee.

No. 10–02–115–CV.

Court of Appeals of Texas, Waco.

June 25, 2003.

Rehearing Overruled July 23, 2003.

Caldwell Fletcher, Houston, for Appellant.

Chris Ameel, Harris & Harris, Austin, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Senior Justice HILL (Sitting by Assignment).

## OPINION

JOHN G. HILL, Senior Justice (Assigned).

Jane Springer appeals from a no-evidence summary judgment in favor of American Zurich Insurance Company on

issues of compensability and disability. She alleges that she suffered injury by being exposed to carbon monoxide fumes at her place of employment due to her employer's use of a defective heater. The summary judgment affirmed the Texas Workers' Compensation Commission's final decision, holding that Springer did not sustain a compensable occupational disease injury and therefore did not suffer disability as a result of a compensable injury. Springer presents eight points: (1) whether she suffered from an injury or from an occupational disease; (2) assuming she suffered from an injury, whether the court correctly concluded that "expert" evidence on the causation issue was required in response to a no-evidence summary judgment motion; (3) whether justice would be served by construing her motion for continuance as a response to the summary judgment motion alleging there had not been adequate time for discovery; (4) whether the trial court erred in granting the no-evidence summary judgment motion; (5) whether the trial court erred in overruling Springer's motion for new trial; (6) whether the trial court erred in granting judgment on the no-evidence motion for summary judgment when the jury was to be informed of the administrative decision below; (7) whether the trial court erred in overruling Springer's motion to continue the summary judgment hearing; and (8) whether the trial court erred in sustaining in part American Zurich's motion to exclude. We affirm.

Springer contends in point four that the trial court erred in granting the no-evidence motion for summary judgment. After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; In re Mohawk Rubber Co.*, 982 S.W.2d 494, 497–98 (Tex.App.-Texarkana 1998, orig. proceeding). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Moore v. K Mart Corp.* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex.App.-Austin 1998, no pet.).

■ A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore*, 981 S.W.2d at 269. We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *See Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore*, 981 S.W.2d at 269.

■ American Zurich filed a no-evidence motion for summary judgment, asserting that there was no evidence that Springer had suffered a compensable occupational disease injury, and, consequently, that there was no evidence of disability. Springer filed no response to the motion. To defeat a no-evidence motion for summary judgment, the respondent in its response is not required to marshal its proof; it need only point out evidence that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i) cmt.; *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193,

207 (Tex.2002). Because Springer did not meet her burden to point out evidence to defeat American Zurich's no-evidence motion for summary judgment, the trial court did not err by granting American Zurich's no-evidence motion for summary judgment. We overrule point four.

Springer asserts in point six that the trial court erred in granting judgment for American Zurich when the jury was to be informed of the administrative decision below. In reasserting the point in the body of her brief, she states that the trial court erred by granting judgment for American Zurich without reference to the more liberal standards of causation established in the Texas Labor Code and to the ability of her own testimony, in keeping with the presumption that the pleadings were true, to support her cause of action. She indicates that this results in an infringement of her right to a jury trial as guaranteed by *Texas Workers' Compen. Commn. v. Garcia*, 893 S.W.2d 504 (Tex.1995).

As we best understand Springer's argument on this point, it seems to be that there should never be a no-evidence motion for summary judgment in an appeal such as this because there will always be a fact issue due to the fact that the jury is informed of the Commission decision. If it is Springer's assertion that the Commission decision constitutes evidence that would defeat the no-evidence motion for summary judgment, it was her responsibility to present such an assertion to the trial court through her response. As previously noted, Springer presented no response.

Springer's argument may be interpreted as being that there is a conflict between the Texas Labor Code and Rule 166a(i), referring to a lack of summary procedure at the Commission level. Springer does not call to our attention any provision of the Labor Code that would indicate that the ordinary summary judgment provi-

sions of the Texas Rules of Civil Procedure would not apply in appeals to the courts from a Commission decision. We therefore are unable to conclude that there is any conflict between the Texas Labor Code and Rule 166a(i) of the Texas Rules of Civil Procedure.

■ Springer insists, however, that a holding that she could receive a take-nothing judgment as the result of a successful no-evidence motion for summary judgment would "eviscerate" the holding in *Garcia, supra,* that her right to a jury was adequately protected under the new Workers' Compensation Act. In *Garcia,* the court held that the claimant has the right to trial by jury on certain issues, including the compensability of the injury. *Garcia,* 893 S.W.2d at 515. It has been held that an ordinary summary judgment under Rule 166a does not infringe upon the right of trial by jury when there is no material fact issue. *Schroeder v. Texas & Pac. Ry. Co.,* 243 S.W.2d 261, 263 (Tex.Civ.App.-Dallas 1951, no writ). We hold that a no-evidence summary judgment under Rule 166a(i) does not violate the right to a jury trial because, by presenting no evidence in support of one's claim, a party has failed to show that there is a material fact issue for a jury to consider. Springer cites no authority holding that the summary judgment procedures of Rule 166a, including those in Rule 166a(i), deny a litigant the right to trial by jury, nor are we aware of any.

■ Springer also seems to suggest that somehow the trial court erred by granting American Zurich's no-evidence motion for summary judgment because, assuming her pleadings are true, they show that there is a material fact issue. Springer cites no authority in support of her suggestion that there is a presumption in a no-evidence motion for summary judgment proceeding that the nonmovant's

pleadings are true or that they might constitute evidence to defeat a no-evidence motion for summary judgment, and we are not aware of any. In fact, pleadings, even if sworn to, do not constitute summary judgment proof. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995). We overrule point six.

Springer urges in point one that the trial court misclassified her injury as an occupational disease, resulting in the application of the standards required for proof of an occupational disease, as opposed to an injury. We fail to see any relevance to the ultimate issue, whether the trial court erred in granting the summary judgment, inasmuch as Springer presented no evidence to the trial court in opposition to the no-evidence motion for summary judgment. We overrule point one.

■ Springer urges in point three that her motion for continuance should be construed as a response to the summary judgment motion alleging that there had not been adequate time for discovery. Even if the trial court treated Springer's motion for continuance as a response, the motion did not point out evidence to the court to defeat the no-evidence motion for summary judgment. We overrule point three.

■ Springer suggests in point seven that the trial court erred in overruling her motion for continuance of the summary judgment hearing. In her unsworn motion for continuance, Springer alleged that the trial court should continue the hearing, alleging that there was not an active docket control order; that discovery had not expired; that she was taking a deposition of a fact witness six days prior to the trial, a deposition that would not be transcribed by the time of the hearing; and that there had not been a meaningful period of time in which to conduct discovery.

Whether to grant a motion for continuance is within the sound discretion of the trial court. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file an affidavit explaining the need for further discovery or a verified motion for continuance. *Id.* Inasmuch as Springer did neither, the trial court did not abuse its discretion in denying her motion for continuance. We overrule point seven.

Springer insists in point five that the trial court erred in overruling her motion for new trial on the grounds of newly discovered evidence. The only evidence that Springer references in her brief that she urges as newly discovered is deposition testimony from Georgia Kondelis's deposition taken on November 30, 2001. Of course, counsel for Springer was present at the deposition. In her deposition, Kondelis stated that when a heater that had been used near Springer's work area was brought down from the attic, she exclaimed, "That's what's been killing Jane." She indicated she said that because she knew what carbon monoxide poisoning was and that heaters should not have holes in them. The hearing on Springer's motion for continuance and on American Zurich's motion for summary judgment was held on December 6, 2001.

■ A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). A party moving for a new trial has the burden of establishing by convincing evidence the existence of newly discovered evidence by showing the following elements:

1. Admissible, competent evidence must be introduced on the hearing

of the motion for new trial showing the existence of the newly discovered evidence relied upon.

2. The moving party must show he or she had no notice of the existence of such evidence prior to the time of trial.

3. The moving party must show that due diligence had been used to procure the evidence prior to trial.

4. The moving party must show that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary; and

5. The moving party must show that the evidence would probably produce a different result if a new trial were granted.

■ *Jackson v. Van Winkle*, 660 S.W.2d 807, 809–10 (Tex.1983); *Dankowski v. Dankowski*, 922 S.W.2d 298, 305 (Tex.App.-Fort Worth 1996, writ denied). Our record reflects that the "newly discovered" evidence referred to by Springer was discovered at the time of taking the Kondelis deposition, which occurred prior to the summary judgment hearing. Consequently, Springer failed to show that she had no notice of the existence of such evidence prior to the time of the hearing. Therefore, the trial court did not abuse its discretion in overruling her motion for new trial on the basis of newly discovered evidence. We overrule point five.

Springer insists in point two that the trial court was incorrect in concluding that "expert" evidence on the causation issue was required in response to a no-evidence summary judgment motion. When restating the issue, she asserts that the trial court incorrectly concluded that she was alleging an occupational disease as opposed to an injury, and that this resulted in taking away her right to a jury trial under the Texas Labor Code and the *Gar-*

*cia* case. We feel that neither assertion is relevant to our disposition of this appeal in view of Springer's failure to point out to the trial court relevant evidence establishing a compensable injury. As previously noted, summary judgment procedures do not deprive a litigant of the right to a trial by jury. We overrule point two.

■ Springer contends in point eight that the trial court erred in sustaining in part American Zurich's motion to exclude the testimony of Dr. Scott Dewitz to the effect that Springer was exposed to carbon monoxide at her place of employment and that such exposure caused an occupational disease injury. After a hearing, the trial court in fact denied American Zurich's motion to exclude the expert's testimony prior to trial, but indicated that it would allow American Zurich to re-urge its motion at the time Dr. Dewitz might be called to testify as an expert witness at trial. At the hearing the trial court stated that later, if Dr. Dewitz were testifying so as to specify carbon monoxide poisoning as a cause or sole cause of Springer's condition, it might well grant an objection and would be likely to limit the admissibility of such testimony. Inasmuch as Dr. Dewitz's testimony was never subsequently offered, the trial court never granted American Zurich's motion to exclude. Springer refers us to a docket entry in which the trial court stated, "Treating physician may address carbon monoxide condition, but not specify work place." Given the court's written order and the court's comments at the hearing, this appears to be merely a reminder to the trial court as to what its ruling might be in the future. In any event, a docket entry cannot be used to contradict or prevail over a final judicial order. *N–S–W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex.1977). Therefore, the trial court's ruling is determined by its order denying American Zurich's motion, not the

conflicting docket entry. We overrule point eight.

The judgment is affirmed.