IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00252-CV

 

In re
Paul Earl Dorsey

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator, Paul Earl Dorsey, filed a
writ of mandamus requesting that we order the district court clerk to transfer
his Cause No. 2002-831-3 to Coryell County.  Cause No. 2002-831-3 has already
been transferred to Coryell County.  Thus, we dismiss the petition for writ of
mandamus as moot.

Absent a specific exemption, the
Clerk of the Court must collect filing fees at the time a document is presented
for filing.  Tex. R. App. P.
12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(July 21, 1998); see also Tex. R.
App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov’t Code Ann.
§§ 51.207(b), 51.901 (Vernon 2005).  Under these circumstances, we suspend the
rules and order the Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.

 

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition dismissed

Opinion delivered and
filed June 29, 2005

[OT06]








 






ansform:
uppercase'>Summary Judgment.  In Appellants’ first two
issues, they complain concerning the trial court’s rulings on motions for
summary judgment.  

      In a traditional summary-judgment motion, “[t]he
judgment sought shall be rendered forthwith if” the summary-judgment evidence
“show[s] that . . . there is no genuine issue as to any material fact
and the moving party is entitled to judgment as a matter of law
. . . .”  Tex. R. Civ. P.
166a(c).  In a no-evidence summary-judgment motion, “[t]he court must
grant the motion unless the respondent produces summary judgment evidence
raising a genuine issue of material fact.”  Id. 166a(i).  If the
non-movant does not file a response to a no-evidence motion, the trial court
must grant the motion.  Id.; Springer v. Am. Zurich Ins. Co., 115
S.W.3d 582, 584-85 (Tex. App.—Waco 2003, pet. denied); Jimenez v.
Citifinancial Mortgage Co., Inc., 169 S.W.3d 423, 424 (Tex. App.—El Paso
2005, no pet.); Roventini v. Ocular Scis., Inc., 111 S.W.3d 719, 724
(Tex. App.—Houston [1st Dist.] 2003, no pet.).  When “the trial court’s
order granting summary judgment does not specify the basis for the ruling, we
must affirm the trial court’s judgment if any of the theories advanced are
meritorious.”  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); accord Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Rogers
v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).  

      Appellees’ Motions.  In
Appellants’ first issue, they contend that the trial court erred in granting
Appellees’ motion and supplemental motion for summary judgment.  

      Original Motion.  Appellants
argue that Appellees’ original motion for summary judgment “is essentially a
Motion For No Evidence Summary Judgment.”  (Br. at 5.)  Appellees’ original
motion, however, is a hybrid motion combining a traditional summary-judgment
ground and several no-evidence summary-judgment grounds.  See Tex. R. Civ. P. 166a(c), (i).  In the
motion’s traditional summary-judgment ground, Appellees sought to establish
that Lydia Walton divested herself of all interest in the property by deed to
one of Appellees’ predecessors in title.  Among the no-evidence grounds in
Appellees’ original motion was that there was no evidence that Lydia Walton
retained any interest in the property at her death.

      Appellants appear to address
at least some of Appellees’ no-evidence grounds: Appellants point to evidence
that Walton had an interest in the property during her lifetime.  Appellants
appear, however, to address Appellees’ traditional ground only to the extent of
arguing that Appellees’ summary-judgment evidence constituted inadmissible
hearsay evidence.  See Tex. R.
Evid. 801(d), 802.  We assume without deciding that Appellants preserved
that complaint.[1]  

      “We review a trial court’s
decision to admit or exclude evidence for an abuse of discretion.”  In re
J.P.B., 180 S.W.3d 570, 575 (Tex. 2005) (per curiam) (termination of
parent-child relationship); see City of Brownsville v. Alvarado, 897
S.W.2d 750, 754 (Tex. 1995).  “The test for abuse of discretion is ‘whether the
court acted without reference to any guiding rules and principles’ or, stated
another way, whether its decision was arbitrary or unreasonable.”  City of
San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003)
(quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985)).  

      The evidence of which
Appellants complain is a deed concerning interests in the property among Lydia
Walton’s children.  The deed recites:

      The land herein conveyed and
the interest herein, is all of the interest which we inherited from our
deceased father H.‌[ ]Walton.  We have heretofore conveyed by our
separate deeds the said interest to J.H. Walton, our brother, and the only
other child of H.[ ]Walton, deceased by deed . . . , but the
deeds and the field notes therein were defective, as well as the
acknowledgments, and this deed is made for further consi[d]eration of
correcting our former deeds.

      Said former deeds recited that we were
conveying our interest in and to 62½ acres of land, which 62½ acres was
described as being off of the 100 acre tract and the north end thereof,
heretofore described as first tract[.] The grantors herein, together with the
grantee, had theretofore had a verbal partition with our mother Lyda
E.[ ]Walton, our mother taking 37½ acres off of the south end of said 100
acre tract and all of the 25 acres hereinbefore described as the second tract
to make her 62½ acres of[ ]land.  The partition was actually effected and
accepted by all parties hereto and our mother and we each went into actual
possession, and thereafter our mother conveyed her 62½ acres to the grantee
herein . . . .  Such conveyances were intended to and did
actually convey all of our interest and all[ ]of our mother’s interest in
and to the whole of said tracts herein described, being a total of 125 acres,
so that the grantee herein owns the whole of said 125 acres of land.

(C.R. at 9.)    

      Appellees argue that the
evidence falls into at least two exceptions to the hearsay rule, those for
statements in documents affecting an interest in property and for statements in
ancient documents.  See Tex. R.
Evid. 803(15)-(16).

      Appellants, first, argued in
the trial court and argue on appeal that the evidence did not fall within the
exception for documents affecting an interest in property.  The Rules of
Evidence create an exception to the hearsay rule for:




[a] statement contained in a
document purporting to establish or affect an interest in property if the matter
stated was relevant to the purpose of the document, unless dealings with the
property since the document was made have been inconsistent with the truth of
the statement or the purport of the document.

 

Tex. R.
Evid. 803(15).  Appellants argue
that “the stated purpose of that deed was to correct the field notes and
acknowledgments in previous deeds,” and that the deed’s recitations concerning
Lydia Walton’s interest in the property were not relevant to that purpose.  (Br. at 10.)  It is precisely in connection with correction of the acknowledgments in
previous deeds, so as to reflect that Lydia Walton had conveyed all of her
interest in the property, that the deed makes the statements of which
Appellants complain.  Nor do Appellants contend that dealings with the property
since the deed was made have been inconsistent with the truth of the statement
or the purport of the deed, and we do not see such dealings in the record.

      Appellees also argue that the
evidence falls within the hearsay exception for ancient documents.  The Rules
of Evidence except from the hearsay rule “[s]tatements in a document in
existence twenty years or more the authenticity of which is established.”  Tex. R. Evid. 803(16); see id. 901(b)(8)
(authentication); Zobel v. Slim, 576 S.W.2d 362, 365 (Tex. 1978); Aguillera
v. John G. & Marie Stella Kenedy Mem’l Found., 162 S.W.3d 689, 694-95
(Tex. App.—Corpus Christi 2005, pet. denied).  Appellants did not argue against
the ancient-documents exception in the trial court, but on appeal “Appellants
contend that it is now too late to raise a specific hearsay exception not
raised at the trial level.”  (Reply Br. at 3.)  However, “we must affirm on the
basis of any legal theory supported by the record.”  Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet.
denied); see Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 199
(Tex. 2002); Sims v. Haggard, 162 Tex. 307, 313, 346 S.W.2d 110, 114
(1961).  Appellees offered a certified copy of the deed recorded for over sixty
years.  The record supports Appellees’ ancient-documents theory of
admissibility.

      Appellants also argue: “All
hearsay exceptions require a showing of trustworthiness.  Even on appeal, there
has been no showing of trustworthiness relative to the statement concerning
oral partition in the 1941 deed.”  (Reply Br. at 3 (citing Robinson v.
Harkins & Co., 711 S.W.2d 619, 621 (Tex. 1986)).)  Rule 803(16)
generally “embod[ies] prior Texas law.”  2 Steven
Goode, Olin Guy Wellborn III, & M. Michael Sharlot, Texas Practice: Guide
to the Texas Rules of Evidence § 803.21 (3d ed. 2002).  Under that
law’s “well-recognized exception to the hearsay rule, the recitals in an
ancient document are admissible as evidence of the facts recited, provided that
the instrument is over thirty” (now twenty) “years old, comes from proper
custody, and is not suspicious in appearance.”  Zobel, 576 S.W.2d at
365; see Tex. R. Evid. 803(16); Goode et al. § 901.10, at 288; 1A
Roy R. Ray, Texas Practice: Texas Law of Evidence; Civil and Criminal
§§ 1371-76 (3d ed. 1980).  “[T]he justification” for the exception is in
“part circumstantial indicia of trustworthiness.  . . . .  Fraud
and forgery are unlikely to be perpetrated so patiently, to bear fruit so many
years after a document’s creation.  Fair appearance and proper location,
therefore, are sufficient additional circumstances to justify admissibility of
an ancient document.”  Goode et al. § 901.10,
at 288.  Appellees’ summary-judgment evidence included a certified copy of a
recorded deed located in the deed records.  Appellants do not point to, and we
do not see, anything suspicious in the deed’s appearance.  The Rules of
Evidence require no further showing of trustworthiness.

 

      Since the trial court would
not have abused its discretion in overruling Appellants’ hearsay objection on
either of Appellees’ hearsay-exception theories, the trial court would not have
erred in overruling the objection.  

      Considering the evidence of
which Appellants complain, the summary-judgment evidence establishes that after
partition of the property Lydia Walton divested herself of all interest in the
property during her life.  

      The trial court did not state
the ground on which it granted summary judgment.  Finding Appellees’
traditional ground sufficient, we do not reach Appellants’ arguments concerning
the no-evidence grounds in Appellees’ original motion.

      Supplemental Motion.  Appellees’
supplemental motion states that Appellants’ second amended petition added a
cause of action for slander of title, and joined Watchtower’s successors in
title, and that the supplemental motion was filed in response thereto.  The
supplemental motion contended that there was no evidence of slander of title
and no evidence as to any claim with respect to the new defendants.  The record
does not contain a response by Appellants to the supplemental motion.  The
trial court would not have erred in granting Appellees’ supplemental motion as
to Appellants’ slander-of-title claim and as to the new defendants.  

      The trial court did not err in
granting Appellees’ motions for summary judgment.  We overrule Appellants’
first issue.

      Appellants’ Motion.  In Appellants’ second issue,
they contend that the trial court erred in overruling their motion for summary
judgment.  Appellants argue that there was no admissible evidence of a
partition.  For the reasons stated above, Appellees’ summary-judgment evidence
of a partition was admissible and probative.  The trial court did not err in
implicitly overruling Appellants’ motion.  We overrule Appellants’ second
issue.

      Attorney’s Fees.  In Appellants’ third issue, they
contend that the trial court erred in implicitly denying their request for
attorney’s fees.  

      “The appellant’s brief must
. . . contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.”  Tex. R. App. P. 38.1, id. (h). 
In “appeals in civil cases, . . . failure to advance legal analysis,
legal citations, and appropriate references to the record will serve as the foundation
for waiver of such complaints on appeal.”  In re Rose, 144 S.W.3d 661,
676 (Tex. Rev. Trib.), aff’d, 48 Tex. Sup. Ct. J. 104 (Nov. 5, 2004); e.g.,
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994); see Cathey v. Meyer, 115 S.W.3d 644, 656 (Tex. App.—Waco 2003), aff’d
in part and rev’d in part on other grounds, 167 S.W.3d 327 (Tex. 2005) (per curiam).

      Appellants do not argue
attorney’s fees.  Appellants’ third issue is inadequately briefed.  We overrule
Appellants’ third issue.

      CONCLUSION.  Having overruled
Appellants’ issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

(Justice Vance concurs in the judgment.)

Affirmed

Opinion delivered and filed January 10, 2007

[CV06]









[1]  “As a prerequisite to presenting a complaint for appellate
review, the record must show that . . . the trial court
. . . ruled on the request, objection, or motion, either expressly or
implicitly . . . .”  Tex.
R. App. P. 33.1(a).  “Under our procedural rules, the failure to raise a
complaint at trial . . . waives review of that complaint on appeal.” 
In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003), cert. denied sub nom.
Dossey v. Tex. Dep’t of Prot. & Reg. Servs., 541 U.S. 945 (2004)
(termination of parent-child relationship); accord Kerr-McGee Corp.
v. Helton, 133 S.W.3d 245, 251 (Tex. 2004); see Brooks v. Northglen
Ass’n, 141 S.W.3d 158, 163 (Tex. 2004).  “[T]he granting of a
summary-judgment motion does not necessarily provide an implicit ruling that
either sustains or overrules objections to the summary-judgment evidence.”  Allen
v. Albin, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.).  “[F]or there
to be an implicit ruling, there must be some indication that the trial court
ruled on the objections in the record or in the summary judgment itself, other
than the mere granting of the summary judgment.”  Hogan v. J. Higgins
Trucking, Inc., 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.). 
“[T]he better practice is for the trial court to disclose, in writing, its
rulings on all objections to summary-judgment evidence at or before the time it
enters the order granting or denying summary judgment.”  Allen at 663
(quoting Dolcefino v. Randolph, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)).

 

            The
record does not appear to contain a ruling on Appellants’ objection.  The
judgment recites that the trial court “considered” Appellants’ response to
Watchtower’s motion and Appellants’ objections, and that the court grants
Watchtower’s motion; but does not expressly rule on Appellants’ motion or
objections.  (Supp. C.R. at 6.)