COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-350-CV

P-K CHARTER, INC. APPELLANT

V.

TUMCHE CORP. (FORMERLY PHAZAR APPELLEE

AEROCORP., INC. D/B/A THE

UPHOLSTERY SHOP, INC.)

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant P-K Charter, Inc. appeals the trial court’s granting of Appellee’s no-evidence motion for summary judgment.  We affirm.

BACKGROUND

Appellant, a private aircraft charter company that operates out of Hobby Airport in Houston, filed suit against Appellee Tumche Corp. for breach of contract, breach of warranty, fraud, and unjust enrichment based on events in 2001 and 2002.  Sometime near January 2002, John Welch, Appellant’s maintenance director from 1999 to 2002, suggested to Jack Ayer, Appellant’s Board Chairman, that Learjet 35 needed its headliner replaced.  Ayer instructed Welch to obtain three bids from companies that could replace it.  Appellee bid $52,650, and Ayer approved the bid.

Appellant filed suit against Appellee in September 2004, alleging that not all of the contracted-for work had been done and that the charge was excessive.  Appellant focused its discovery efforts on uncovering an alleged kickback scheme between Welch and Appellee and claimed that Welch was evasive with regard to subpoenaed documents that Appellant hoped would corroborate its kickback theory.

On July 10, 2006, Appellee filed a no-evidence motion for summary judgment.  Subsequently, on August 15, 2006, Appellant filed motions for a continuance and to extend time for discovery, which were both denied.  On September 1, 2006, the trial court granted Appellee’s no-evidence motion for summary judgment.

NO-EVIDENCE SUMMARY JUDGMENT

In its sole point, Appellant argues that the trial court erred in granting Appellee’s no-evidence motion for summary judgment.  After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  
Sudan v. Sudan,
 199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.  
Tex. R. Civ. P. 
166a(i) cmt.  Issues not expressly presented to the trial court by written motion, answer, or other response cannot be considered on appeal as grounds for reversal.  
Tex. R. Civ. P. 
166a(c); 
see also McConnell v. Southside Indep. Sch. Dist.
,
 
858 S.W.2d 337, 341 (Tex. 1993)
 
(citing
 City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979)).
(footnote: 2) 

Response to Appellee’s No-evidence Motion for Summary Judgment

Appellee filed a no-evidence motion for summary judgment, asserting that Appellant could not produce any probative evidence to support any of its claims against Appellee.  Appellant failed to file a response to Appellee’s motion.  Instead, Appellant filed a motion to continue the hearing on the no-evidence motion for summary judgment and a motion to extend time for discovery.  While Appellant’s motion does not appear, on its face, to be a response, we

must determine whether it meets the minimum requirements for a response regardless of its title.

In 
Johnson
, the Supreme Court of Texas set out the minimum requirements for a response under Rule 166a(i).  73 S.W.3d at 207-08.
  To qualify as an adequate response under Rule 166a(i), the nonmovant must at the very minimum provide some form of discussion that raises issues of material fact on the challenged elements.  
See id
.  The supreme court held in 
Johnson
 that the nonmovant’s response was adequate because it provided both argument and evidence to support its claims.  
See id
.  The court noted that in the facts section, the nonmovant had at least one sentence that alleged a conspiracy claim.  
Id
. at 207.  Further, the nonmovant provided some argument in a section entitled “There are Genuine Issues of Material Fact that Preclude the Granting of Summary Judgment.”  
Id
.  In that section, the nonmovant stated that its claims of conspiracy, conversion, actual and constructive fraud, and negligence were based on a breach of fiduciary duty.  
Id
.  The nonmovant went on to provide argument and authorities to support its position that the movant owed a fiduciary duty.  
Id
.  Additionally, the nonmovant pointed the court to facts that established a fiduciary duty and a breach of that duty.  
Id
.  The supreme court held that whether the nonmovant adequately pointed out evidence relating to challenged elements of the conspiracy cause of action was a close question, but that the nonmovant nonetheless satisfied the minimum requirements.  
Id. 
at 207-08.

Although here Appellant made allegations of a kickback scheme, Appellant’s motion falls short of the minimum requirements set out and satisfied in 
Johnson
.  
See id
.  In its motion, Appellant labeled the first section “Summary Judgment Evidence,” in which Appellant listed three affidavits and two deposition records.  All five exhibits were attached to the motion.  Appellant cited the depositions and affidavits in the subsequent “Facts and Procedural History” section.  In that section, Appellant described an alleged kickback scheme between Appellee and Welch, Appellant’s former maintenance director.  In addition to discussing the alleged kickback scheme in the facts section of the motion, Appellant also discussed certain employees of both Appellee and Appellant who had been evasive in complying with deposition and subpoena requests.  While Appellant generally discussed the kickback scheme, it provided nothing more that would have apprised the trial court of whether these facts or any facts raised an issue of material fact on any of the challenged elements. 

Unlike the response in 
Johnson
, Appellant’s motion contains no section that references any argument or authorities addressing the challenged elements  or even mentioning the causes of action alleged in its petition.  
See id
.
 
at 207.  It is clear from reading the entire motion that Appellant attached the evidence to illustrate to the court that it needed more time to discover additional evidence to defeat Appellee’s no-evidence motion for summary judgment.
(footnote: 3)  In Appellant’s motion and specifically in its prayer for relief, it never asked the trial court to deny Appellee’s no-evidence motion for summary judgment.  For these reasons, we conclude that even if we were to construe Appellant’s combined motion as a response to Appellee’s no-evidence motion for summary judgment, Appellant failed to meet the minimum requirements under Rule 166a(i).  
See
 
San Saba Energy, L.P. v. Crawford
, 171 S.W.3d 323, 330-32 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that the nonmovant failed to satisfy the minimum requirements for a Rule 166a(i) response because it did not state that any of the evidence presented in its response raised a fact issue as to the challenged element);
 Springer v. Am. Zurich Ins. Co.
, 115 S.W.3d 582, 586 (Tex. App.—Waco 2003, pet. denied) (declining to construe nonmovant’s motion for continuance as an adequate response to a no-evidence motion for summary judgment)
.

Appellant further argues that during the hearing on both Appellant’s and Appellee’s motions, the trial court considered Appellant’s summary judgment evidence.  Additionally, Appellant contends that the trial court’s order granting Appellee’s no-evidence summary judgment states that the trial court considered “summary judgment evidence,” which Appellant interprets as its summary judgment evidence.  However, there is no record of the hearing to determine what the court considered, and again, we cannot reverse the trial court’s ruling on issues not expressly presented in a written response to Appellee’s no-evidence motion for summary judgment.  
See McConnell, 
858 S.W.2d at 341.  
Thus, we hold that the trial court did not err in granting Appellee’s no-evidence motion for summary judgment.  Accordingly, we overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  October 18, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We note that both 
McConnell 
and
 Clear Creek 
are cases that involve traditional motions for summary judgment, but we have recently held that the interpretation of the phrase “written motion, answer, or other response,” as applied to traditional motions for summary judgment, applies equally to no-evidence motions for summary judgment.  
See LaRue v. Chief Oil & Gas, L.L.C.
, 167 S.W.3d 866, 876 (Tex. App.—Fort Worth 2005, no pet.)(discussing 
Stiles v. Resolution Trust Corp.
,
 
867 S.W.2d 24, 26 (Tex. 1993)).

3:
After the facts section, the remainder of Appellant’s motion is dedicated to its motion for continuance and extension of the discovery deadline.  Specifically, Appellant requested more time to depose Kurt Cessac, an employee of Appellee, and to compel documents from Welch.  Appellant stated that more time was necessary to uncover additional facts to prove that Appellee overcharged Appellant.  Appellant, however, does not complain on appeal that the trial court abused its discretion by not granting its motions for continuance and extension of time for discovery.