COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-350-CV

 

 

P-K CHARTER, INC.                                                             APPELLANT

 

                                                   V.

 

TUMCHE CORP. (FORMERLY PHAZAR                                       APPELLEE

AEROCORP.,
INC. D/B/A THE

UPHOLSTERY
SHOP, INC.)

 

                                              ------------

 

             FROM
THE 17TH DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant P‑K Charter,
Inc. appeals the trial court=s granting of Appellee=s no‑evidence motion for summary judgment.  We affirm.

 

 








BACKGROUND

Appellant, a private aircraft
charter company that operates out of Hobby Airport in Houston, filed suit
against Appellee Tumche Corp. for breach of contract, breach of warranty,
fraud, and unjust enrichment based on events in 2001 and 2002.  Sometime near January 2002, John Welch,
Appellant=s
maintenance director from 1999 to 2002, suggested to Jack Ayer, Appellant=s Board Chairman, that Learjet 35 needed its headliner replaced.  Ayer instructed Welch to obtain three bids
from companies that could replace it. 
Appellee bid $52,650, and Ayer approved the bid.

Appellant filed suit against
Appellee in September 2004, alleging that not all of the contracted‑for
work had been done and that the charge was excessive.  Appellant focused its discovery efforts on
uncovering an alleged kickback scheme between Welch and Appellee and claimed
that Welch was evasive with regard to subpoenaed documents that Appellant hoped
would corroborate its kickback theory.

On July 10, 2006, Appellee
filed a no‑evidence motion for summary judgment.  Subsequently, on August 15, 2006, Appellant
filed motions for a continuance and to extend time for discovery, which were
both denied.  On September 1, 2006, the
trial court granted Appellee=s no-evidence motion for summary judgment.








NO-EVIDENCE SUMMARY JUDGMENT

In its sole point, Appellant
argues that the trial court erred in granting Appellee=s no-evidence motion for summary judgment.  After an adequate time for discovery, the
party without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an
essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Sudan v. Sudan,
199 S.W.3d 291, 292 (Tex. 2006).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no-evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied).








To defeat a no-evidence
motion for summary judgment, the respondent is not required to marshal its
proof; its response need only point out evidence that raises a fact issue on
the challenged elements.  Tex. R. Civ. P. 166a(i) cmt.  Issues not expressly presented to the trial
court by written motion, answer, or other response cannot be considered on
appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c); see also
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993) (citing City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)).[2]


Response to Appellee=s No-evidence Motion for Summary Judgment

Appellee filed a no-evidence
motion for summary judgment, asserting that Appellant could not produce any
probative evidence to support any of its claims against Appellee.  Appellant failed to file a response to Appellee=s motion.  Instead, Appellant
filed a motion to continue the hearing on the no-evidence motion for summary
judgment and a motion to extend time for discovery.  While Appellant=s motion does not appear, on its face, to be a response, we








must determine whether it meets the minimum
requirements for a response regardless of its title.








In Johnson, the
Supreme Court of Texas set out the minimum requirements for a response under
Rule 166a(i).  73 S.W.3d at 207-08.  To qualify as an adequate response under Rule
166a(i), the nonmovant must at the very minimum provide some form of discussion
that raises issues of material fact on the challenged elements.  See id.  The supreme court held in Johnson that
the nonmovant=s response
was adequate because it provided both argument and evidence to support its
claims.  See id.  The court noted that in the facts section,
the nonmovant had at least one sentence that alleged a conspiracy claim.  Id. at 207.  Further, the nonmovant provided some argument
in a section entitled AThere are
Genuine Issues of Material Fact that Preclude the Granting of Summary Judgment.@  Id.  In that section, the nonmovant stated that
its claims of conspiracy, conversion, actual and constructive fraud, and
negligence were based on a breach of fiduciary duty.  Id. 
The nonmovant went on to provide argument and authorities to support its
position that the movant owed a fiduciary duty. 
Id.  Additionally, the
nonmovant pointed the court to facts that established a fiduciary duty and a
breach of that duty.  Id.  The supreme court held that whether the
nonmovant adequately pointed out evidence relating to challenged elements of
the conspiracy cause of action was a close question, but that the nonmovant
nonetheless satisfied the minimum requirements. 
Id. at 207-08.

Although here Appellant made
allegations of a kickback scheme, Appellant=s motion falls short of the minimum requirements set out and satisfied
in Johnson.  See id.  In its motion, Appellant labeled the first
section ASummary Judgment Evidence,@ in which Appellant listed three affidavits and two deposition
records.  All five exhibits were attached
to the motion.  Appellant cited the
depositions and affidavits in the subsequent AFacts and Procedural History@ section.  In that section,
Appellant described an alleged kickback scheme between Appellee and Welch,
Appellant=s former
maintenance director.  In addition to
discussing the alleged kickback scheme in the facts section of the motion, Appellant
also discussed certain employees of both Appellee and Appellant who had been
evasive in complying with deposition and subpoena requests.  While Appellant generally discussed the
kickback scheme, it provided nothing more that would have apprised the trial
court of whether these facts or any facts raised an issue of material fact on
any of the challenged elements. 













Unlike the response in Johnson,
Appellant=s motion
contains no section that references any argument or authorities addressing the
challenged elements  or even mentioning
the causes of action alleged in its petition. 
See id. at 207.  It
is clear from reading the entire motion that Appellant attached the evidence to
illustrate to the court that it needed more time to discover additional
evidence to defeat Appellee=s no-evidence motion for summary judgment.[3]  In Appellant=s motion and specifically in its prayer for relief, it never asked the
trial court to deny Appellee=s no-evidence motion for summary judgment.  For these reasons, we conclude that even if
we were to construe Appellant=s combined motion as a response to Appellee=s no-evidence motion for summary judgment, Appellant failed to meet
the minimum requirements under Rule 166a(i). 
See San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323,
330-32 (Tex. App.CHouston
[14th Dist.] 2005, no pet.) (holding that the nonmovant failed to satisfy the
minimum requirements for a Rule 166a(i) response because it did not state that
any of the evidence presented in its response raised a fact issue as to the
challenged element); Springer v. Am. Zurich Ins. Co., 115 S.W.3d 582,
586 (Tex. App.CWaco 2003,
pet. denied) (declining to construe nonmovant=s motion for continuance as an adequate response to a no-evidence
motion for summary judgment).

Appellant further argues that
during the hearing on both Appellant=s and Appellee=s motions,
the trial court considered Appellant=s summary judgment evidence. 
Additionally, Appellant contends that the trial court=s order granting Appellee=s no-evidence summary judgment states that the trial court considered Asummary judgment evidence,@ which Appellant interprets as its summary judgment evidence.  However, there is no record of the hearing to
determine what the court considered, and again, we cannot reverse the trial
court=s ruling on issues not expressly presented in a written response to
Appellee=s no-evidence motion for summary judgment.  See McConnell, 858 S.W.2d at 341.  Thus, we hold that the trial court did not
err in granting Appellee=s
no-evidence motion for summary judgment. 
Accordingly, we overrule Appellant=s sole point and affirm the trial court=s judgment.

PER CURIAM

 

PANEL A: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: 
October 18, 2007

 

 

 











[1]See Tex.
R. App. P. 47.4.





[2]We
note that both McConnell and Clear Creek are cases that involve
traditional motions for summary judgment, but we have recently held that the
interpretation of the phrase Awritten motion, answer, or
other response,@ as
applied to traditional motions for summary judgment, applies equally to
no-evidence motions for summary judgment. 
See LaRue v. Chief Oil & Gas, L.L.C., 167 S.W.3d 866, 876
(Tex. App.CFort
Worth 2005, no pet.)(discussing Stiles v. Resolution Trust Corp., 867
S.W.2d 24, 26 (Tex. 1993)).





[3]After the facts section, the
remainder of Appellant=s motion is dedicated to its motion
for continuance and extension of the discovery deadline.  Specifically, Appellant requested more time
to depose Kurt Cessac, an employee of Appellee, and to compel documents from Welch.  Appellant stated that more time was necessary
to uncover additional facts to prove that Appellee overcharged Appellant.  Appellant, however, does not complain on
appeal that the trial court abused its discretion by not granting its motions
for continuance and extension of time for discovery.