

In The
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00059-CV
_____

CHRISTOPHER CASTLEBERRY, Appellant

V.

NEW HAMPSHIRE INSURANCE COMPANY, Appellee

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 24,603

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Christopher Castleberry, acting pro se, has appealed from a no-evidence summary judgment rendered in favor of New Hampshire Insurance Company (the insurer), a workers' compensation insurance carrier.

The context of this proceeding shows that Castleberry sustained back injuries January 20, 2009, which were compensable and for which he received benefits that were paid by the insurer. Specifically, Castleberry sustained an injury after falling from a ten-foot ladder, landing on his lower back and hips. He was treated for pain and for other complaints, but evidently showed no gross physical damage. For some period of time, his prescribed medication included pain medications, anti-depressants, and Viagra. The insurer eventually contested the applicability of anti-depressant medications and Viagra to treatment of the injury sustained. A hearing was held before the Appeals Panel of the Texas Department of Insurance, Division of Workers' Compensation, and the Panel concluded that Castleberry's compensable injury did not extend to or include the diagnosed conditions of erectile dysfunction (the malady for which Viagra was prescribed), depression, chronic pain syndrome, or chronic myofascial pain syndrome. *See* TEX. LABOR CODE ANN. § 410.251 (West 2006). Castleberry sought a judicial review of those rulings from the trial court.

In a series of procedural errors, Castleberry only pled for recovery on the extent of injury determination regarding erectile dysfunction.[1] The insurer asserted that Castleberry's petition should thus be limited solely to the erectile dysfunction issue, but the trial court instead signed a

---

[1]It is not unexpected for a pro se litigant to be inadvertently wrapped up in the coils of procedural error.

2

judgment that dismissed all claims, including the claim for treatment of erectile dysfunction. We reversed that determination and remanded this case to the trial court.

Upon return to the trial court, the insurer took the position in its no-evidence motion for summary judgment that Castleberry has no medical evidence that the compensable injury was a cause of his erectile dysfunction. Castleberry filed a timely response which incorporated letters from treating physicians setting out his treatment regimen and copies of statements for the supply of the Viagra he believed was required. The trial court granted the insurer's motion for summary judgment and Castleberry has appealed from that judgment.

The insurer contends that it should win on the merits because there is no evidence to support Castleberry's claim.[2]

A no-evidence summary judgment is essentially a pretrial directed verdict. We, therefore, apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wal-Mart Stores*, *Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).

We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.*; *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.—Texarkana 2001, pet. denied). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each

---

[2]The insurer also correctly points out on appeal that much of Castleberry's proferred summary judgment evidence is not competent evidence. However, one observes that it is questionable whether this objection to the evidence was properly preserved at trial. Even so, it is not necessary for us to evaluate its admissibility or determine whether the insurer would have waived any objection to that evidence at the trial level because even if the evidence Castleberry presented had been properly before the trial court, it would not have impacted the determination we make here.

3

element of his claim. *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart*, *Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 282 (Tex. 1995); *Macias v. Fiesta Mart*, *Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i) cmt.; *Johnson v. Brewer & Pritchard*, *P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence rather than live testimony. *See* TEX. R. CIV. P. 166a(c).

In our review, we consider all the summary judgment evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms.*, *Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

The insurer argues that summary judgment was proper because Castleberry failed to produce any summary judgment evidence raising a genuine issue of material fact on the element challenged in the insurer's motion. That is, Castleberry did not establish any "admissible medical evidence establishing causation between the compensable injury and the disputed erectile dysfunction condition."

4

At the summary judgment stage, the question is not whether evidence may ultimately be admissible at trial; rather, the question is whether the summary judgment evidence is of such a nature as to raise the necessary issue of material fact on the element challenged. TEX. R. CIV. P. 166a(i). Causation is such an element. *See Springer v. Am. Zurich Ins. Co*., 115 S.W.3d 582 (Tex. App.—Waco 2003, pet. denied).

The standard of review as set out above requires only a scintilla of probative evidence. Since that standard is quite low, it is reasonable to assume that if a party cannot meet it, the lawsuit will necessarily fail.

"Compensable injury" means an injury that naturally arises out of and in the course and scope of employment for which compensation is payable. TEX. LABOR CODE ANN. § 401.011(10) (West Supp. 2012); *see Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 221 (Tex. 2010). Under current law, that definition has been restructured to require the employment to be a producing cause of the injury.

Historically, in workers' compensation cases, "producing cause" did not require the workplace injury to be a substantial factor in bringing about the employee's disability. *See*, *e.g.*, *Flores v. Emps. Ret. Sys. of Tex*., 74 S.W.3d 532, 549 (Tex. App.—Austin 2002, pet. denied). The Texas Supreme Court recently held in *Crump* that "[t]he producing cause inquiry in workers' compensation cases is conceptually no different from the cause in fact inquiry in negligence cases and the producing cause inquiry in other substantive contexts." *Crump*, 330 S.W.3d at 223; *see also Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007) (holding, in products liability context, that producing cause definition should include "substantial factor" and

5

"but-for" component). The Texas Supreme Court held that "producing cause in workers' compensation cases is defined as a substantial factor in bringing about an injury or death, and without which the injury or death would not have occurred." *Crump*, 330 S.W.3d at 223; *Cont'l Cas. Co. v. Baker*, 355 S.W.3d 375, 385 (Tex. App.—Houston[1st Dist.] 2011, no pet.).

Here (for the sake of reducing our analysis to its vital parts), we look at all of the evidence Castleberry provided without first considering whether it could have been properly considered by the trial court under the prevailing evidentiary rules. Among the documents he provided are a number of receipts for drug purchases (including a number of receipts for Viagra purchases). There are also physicians' reports attached, which make reference to sexual dysfunction or to Viagra as follows:

> We do not have a tox on him at that date. He continues to complain of sexual problems. He got the VIAGRA. He says he has tried to relax. I am not sure how much of this is really functional. I certainly have my suspicions about him, but without direct observation I will probably have to give him the benefit of a doubt. I will re-prescribe his XANAX, HYDROCODONE, and low dose SEROQUEL. It is the high dose of SEROQUEL that made him over sedated and that SUBOXONE was of no benefit. Again, he is on shaky ground, but without clear evidence otherwise without being able to see him with direct observation, I am going to re-prescribe his medications and give him no second chance or any leeway. He says they were significantly helpful in terms of his pain and anxiety.

"Recheck Office Assessment" Howard M. Cohen, M.D. 4/13/10. The report of another physician reads as follows:

> The patient appears to have received all necessary and appropriate diagnostic tests, including x-ray, MRI, electrodiagnostic testing, and Functional Capacity Evaluations. No durable medical equipment needs would be anticipated. The patient is currently using Hydrocodone, Lexapro, Klonopin, Naprelan, Naproxen [illegible] and Viagra as a result of his injury. The Lexapro and Klonopin were recently started as a result of a mental health evaluation the patient received

6

during the multidisciplinary pain management program evaluation. The use of these would be supported by the ODG Guidelines for short term use. It would be anticipated that the patient would be able to be weaned from all medication as his pain management program progresses and further medications would not be anticipated upon completion of that program.

Letter of review by Gregory D. Powell, M.D., American Board of Physical Medicine and Rehabilitation Subspecialty Certification in Pain Medicine. March 17, 2010.

There is evidence that the Viagra was prescribed for Castleberry and that he did obtain that drug on numerous occasions. The missing relevant evidence is that which would link the prescription of that medication to treatment for the on-the-job injury Castleberry sustained or which would tend to show (either directly or impliedly) that the injury that Castleberry suffered was a producing cause of his sexual dysfunction. This was necessary for a rebuttal of the request for the grant of a no-evidence summary judgment. Since there was no such link of that nature shown, Castleberry failed to interpose at least a scintilla of evidence to defeat the insurer's no-evidence motion for summary judgment.

We affirm the summary judgment.


Bailey C. Moseley
Justice

Date Submitted:     November 7, 2012
Date Decided:       November 14, 2012

7