

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00197-CV

---

ERIC BENSON                                                                 APPELLANT

V.

INDYMAC MORTGAGE SERVICES,                                      APPELLEES
A DIVISION OF ONEWEST BANK,
FSB; AND FEDERAL NATIONAL
MORTGAGE ASSOCIATION, A/K/A
FANNIE MAE

----------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In two issues, Appellant Eric Benson challenges the trial court's summary

judgment rendered in favor of Appellees Indymac Mortgage Services, a division

---

[1]*See* Tex. R. App. P. 47.4.

of OneWest Bank, FSB; and Federal National Mortgage Association, a/k/a Fannie Mae. We will affirm.

## II. PROCEDURAL BACKGROUND

Benson filed suit against Appellees, asserting causes of action for breach of contract, intentional infliction of emotional distress, and violations of the Deceptive Trade Practices Act (DTPA) and requesting a temporary restraining order. In due course, Appellees filed a combined traditional and no-evidence motion for summary judgment on Benson's claims. Benson filed a response and attached summary judgment evidence. The trial court granted Appellees' combined traditional and no-evidence motion for summary judgment and dismissed with prejudice all of Benson's claims against Appellees. This appeal followed.

## III. RESPONSE DOES NOT ADDRESS EVERY BREACH OF CONTRACT ELEMENT OR EVERY ELEMENT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS THAT IS CHALLENGED IN THE NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In two issues, Benson argues that the trial court erred by granting summary judgment because genuine issues of material fact are in dispute concerning his breach of contract claim and his intentional infliction of emotional distress claim.[2]

---

[2]Benson does not challenge on appeal the summary judgment granted on his DTPA claim.

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff. *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.). Appellees' no-evidence summary judgment motion asserted that no evidence existed on any of these four elements. On appeal, Appellees claim that Benson's response to Appellees' no-evidence and traditional motion for summary judgment did not address or point to summary judgment evidence on each of the four breach of contract elements that Appellees challenged by their no-evidence motion. Appellees claim that the breach of contract no-evidence summary judgment therefore must be affirmed.

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) the plaintiff is a person; (2) the defendant acted intentionally or recklessly; (3) the emotional distress suffered by the plaintiff was severe; (4) the defendant's conduct was extreme and outrageous; (5) the defendant's conduct proximately caused the plaintiff's emotional distress; and (6) no alternative cause of action would provide a remedy for the severe emotional distress caused by the defendant's conduct. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Appellees' no-evidence summary judgment motion asserted that no evidence existed on elements two, three, four, or five. On appeal, Appellees claim that Benson's response to Appellees' no-evidence and traditional motion for summary judgment did not address or point to summary judgment evidence

3

on element four of his alleged intentional infliction of emotional distress claim. Appellees claim that the no-evidence summary judgment on Benson's intentional infliction of emotional distress claim therefore must be affirmed.

Benson's summary judgment response addressed only the first breach of contract element listed above—the existence of a valid contract. Benson's response did not address the other elements of his breach of contract claim or point to summary judgment evidence raising a fact issue on these challenged elements. Likewise, Benson's summary judgment response addressed only the second intentional infliction of emotional distress element listed above—whether Appellees had acted recklessly—and did not point to summary judgment evidence raising a fact issue on the other three elements challenged by Appellees. A trial court must grant a no-evidence motion if the nonmovant does not produce evidence raising a fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a(i).

Giving Benson's briefing a liberal construction, he nonetheless attempts in this court for the first time on appeal to argue that the summary judgment evidence he attached to his response[3] raises issues of fact on some of the other

---

[3]Benson attached the following summary judgment evidence to his response to Appellees' no-evidence motion for summary judgment: an instruction manual from OneWest Bank; a Forbearance Plan Agreement; copies of money orders he sent in for payment under the Forbearance Plan Agreement; a FedEx delivery confirmation of his money orders; OneWest Bank's "Consolidated Notes Log"; the entire transcript from the July 14, 2011 temporary injunction hearing; the entire transcript from Benson's August 13, 2013

challenged elements of his breach of contract claim and some of the other challenged elements of his intentional infliction of emotional distress claim.[4] But because Benson's response to the no-evidence motion did not bring to the trial court's attention any arguments or summary judgment evidence concerning any element of his breach of contract claim other than the first element—whether a valid contract existed—or any element of his intentional infliction of emotional distress claim other than the second element—whether Appellees acted recklessly, he failed to meet his burden in responding to a no-evidence summary judgment motion of raising an issue of material fact. *See Plotkin v. Joekel*, 304 S.W.3d 455, 477 n.12 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that appellant challenging no-evidence summary judgment must meet rule 166a(i) burden in trial court, not for first time on appeal); *see also Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (indicating that nonmovant's burden is to point out evidence raising a fact issue); *Springer v. Am. Zurich Ins. Co.*, 115 S.W.3d 582, 585 (Tex. App.—Waco 2003, pet. denied) ("If it is [the nonmovant's] assertion that the Commission decision constitutes evidence that would defeat the no-evidence motion for summary judgment, it was her responsibility to present such an assertion to the trial court

---

deposition; deposition excerpts from the Vice President of OneWest Bank; and Benson's affidavit.

[4]Benson's brief does not segregate his arguments concerning each particular element of each claim; he argues the summary judgment evidence as a whole raises fact issues as to the cause of action in its entirety.

through her response.").  Accordingly, we may not consider for the first time on appeal Benson's arguments and references to summary judgment evidence concerning the second, third, and fourth elements of his breach of contract claim or the fourth and fifth elements of his intentional infliction of emotional distress claim because these arguments and summary judgment references were not provided to the trial court.  *See Plotkin*, 304 S.W.3d at 477; *Holloway v. Tex. Elec. Util. Constr., Ltd.*, 282 S.W.3d 207, 212 (Tex. App.—Tyler 2009, no pet.) (holding that no-evidence summary-judgment response was inadequate to raise fact issue when party failed to discuss challenged element anywhere in response).

We overrule Benson's two issues.

## IV. CONCLUSION

Having overruled both of Benson's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, GARDNER, and MCCOY, JJ.

DELIVERED:  February 27, 2014